THE STATE v. CARR AND BROWN.

1. **Practice:** VERDICT: EVIDENCE. All the evidence in the case must be presented on appeal, or the Supreme Court will not consider the question whether or not the verdict was against the weight of evidence.

2. **Criminal Law:** PRACTICE: MISTAKE IN NAME. A mistake in the name of the person injured, in an indictment for robbery, is not material unless it be shown that the party accused has suffered prejudice by reason of the mistake.

3. ——: TAKING OF MONEY: PLEADING. Money may be the subject of larceny and an allegation that money was feloniously taken is sustained by proof that the crime was the taking of greenbacks.

4. ——: ROBBERY: INDISCRETION. An instruction that "robbery may be committed by force or violence, or by putting in fear * * * and it is not necessary that the means used to put a party in fear should be such as to put in fear a man used to the ways of the world," was *held* to be correct.

5. ——: ——: WHAT CONSTITUTES. The sudden snatching of a purse or other property from the hand involves the force and violence sufficient under our statute to constitute robbery.

6. **Practice:** CONDUCT OF JURY. The fact that a juror, after the jury had retired, sent for and received a Conklin's Treatise and read therefrom what he stated to be in support of the instructions of the court was *held* not to vitiate the verdict.

*Appeal from Linn District Court.*

MONDAY, JUNE 12.

INDICTMENT for robbery. Verdict, guilty. Defendants appeal.

*M. E. Cutts, Attorney General*, for the State.

*W. G. Thompson*, for defendants.

SEEVERS, CH. J.—I. The alleged errors will be considered in the order presented by counsel in the argument. It is 1. PRACTICE: claimed the verdict is against the weight of the verdict: evidence; that the crime charged in the indictment has not been proved. The abstract does not state that it contains all the evidence, and counsel for the defendant in his argument states: "I have printed all the material evidence, both on the part of the State and defense." That counsel has so done according to his best judgment we do not doubt, but his opinion of what is material or not may possibly be erroneous. When we are asked to reverse because the verdict is against the evidence, the whole evidence must be before us, so that we can determine the question of materiality. *Hubbard v. Epperson*, 40 Iowa, 408. Besides this the Attorney General, in an amended abstract, has submitted additional evidence to that contained in abstract furnished by appellants. Taking all this evidence together, we are unable to say the verdict is so clearly against the evidence as to justify a reversal. The evidence on the part of the State tended to show that defendants, or one of them, had hold of the prosecuting witness at the time the money was taken. The prosecutor testifies that both of the defendants took hold of him and would not let him go. This testimony is confirmed by another witness. The only evidence contradictory of this is a witness who testifies he saw no violence used, and that the prosecutor handed one of the defendants his pocket-book, but how near he was to the parties does not appear. Besides this, however, two witnesses testify they asked the prosecutor whether or not he lost his knife or money on a bet, to which he responded in the affirmative. It appears from the evidence that the prosecutor was

a Bohemian, and it does not appear how long he had been in this country. Admitting that the foregoing was the material evidence, we would not, under the well established and uniform rulings of this court, feel justified in disturbing the verdict. The jury are judges of the credibility of the witnesses, and the court below having refused a new trial, we cannot. interfere.

. II. The indictment charged that defendants made "an assault in and upon one John Shattick, * * and the said John Shattick, in bodily fear, then and there feloniously did put, * * * and fifty-five dollars, the property of said John Shattick, from the person and against the will of the said John Kopek, then and there feloniously and violently did steal." The testimony shows that the name of the prosecuting witness is John Shoppick.

2. CRIMINAL law: practice: mistakes in name.

The court instructed the jury, "that the mistake in the name of the prosecutor was immaterial, unless you find that the defendants have been misled by reason of the mistake."

Sec. 4,302 of the Code is as follows: "Where an offense involves the commission of, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the name of the person injured, or attempted to be injured, is not material."

Under this statute the instruction given is correct. There is no pretence that the defendants were misled by the mistake. It is said in the argument that the name of the prosecutor was not on the back of the indictment, and that defendants first knew his real name when he was put on the stand as a witness. The abstract fails to disclose what names were on the back of the indictment, nor does it contain a statement that the names of any of the witnesses were indorsed thereon. The statements in the abstract must govern us, and not what is said by counsel in argument. No objection was made below to the introduction of John Shoppick as a witness. The material question is, was the prosecuting witness the *person* robbed, and not what he was called or named.

III. The indictment charged that the money taken was

The State v. Carr and Brown.

"fifty-five dollars in money, currency in bank bills commonly called greenbacks, of the value of fifty-five dollars," and the evidence tended to support this charge. The court instructed the jury: "The law makes money the subject of larceny, and it is not necessary to allege it in the indictment. The allegation in the indictment is properly supported by proof that it was the ordinary circulating medium of the country, called greenbacks." "Money" and "bank notes" are subjects of larceny. Code, Sec. 3,902. There was no error in the instructions in this respect. While under the laws of this State there are no bank bills, there are such under the laws of the United States, and these clearly are subjects of larceny. The term "greenback" is well known and understood to mean money, the circulating medium issued by the general government. It is the money of the country, and it would be strange indeed if it is not a subject of larceny.

*3. ——: taking of money: pleading.*

IV. The court instructed the jury as follows:

5. "You will observe that robbery may be committed by force or violence, or by putting in fear. Now, if in this case you believe from the evidence that the Bohemian took the money from his pocket and voluntarily handed it to one of the defendants, there was no robbery, however he may have been deceived. If you believe from the evidence that the Bohemian, without being put in fear, took his money from his pocket and held it in his hand, and the defendants without using any other force snatched it from his hand, this is no robbery. If, however, the defendants seized the Bohemian and held him, and while they held him he took out his money and they snatched it and one made off with it while the other held him, this is robbery. It is not necessary to robbery that any injury should be inflicted on the person. And it is not necessary that the means used to put a party in fear should be such as to put in fear a man used to the ways of the world. If the defendants took hold of the Bohemian, and this was calculated to put such a man as he is in fear, by means of which the robbery was effected, this is sufficient. * * *."

*4. ——: robbery: instruction.*

The provision of the code on this subject is as follows: "If

any person with force or violence, or by putting in fear, steal and take from the person of another, any property that is the subject of larceny, he is guilty of robbery * * *." Sec. 3858. The objection taken to· the foregoing instruction can be best stated in the language of counsel. He says the court instructed the jury, " you will observe that robbery may be committed by force or violence," "leaving it to be inferred by the jury, that the crime might be committed without either." It will be observed that "or by putting in fear"· is omitted from the quotation made by counsel. The instruction contains the exact language of the statute, and we fail to see the force of the objection made. The following portion of said instruction is objected to. "And it is not necessary that the means used to put a party in fear should be such as to put in fear a man used to the ways of the world," on the ground that there is no evidence on which it could properly be based. It is said the evidence shows the prosecutor to be a Bohemian, who had been thirteen years in this country. The abstract does show that he is a Bohemian, but does not show how long he has been in the country. We think the instruction right in principle, clearly so, and that there was evidence to which it was applicable.

V. The defendants asked the court to instruct the jury that, to constitute robbery, three things were essential. 1. The taking must be felonious, which goes to the intent of the taker. 2. It must be from the person of another, and 3. It must be taken by force. This instruction was properly refused because the element of "putting in fear" is omitted. The second instruction asked and refused is the reverse of that given by the court as to the effect of the misdescription of the party robbed in the indictment, and has already been sufficiently considered. The third instruction asked and refused is as follows: "No sudden taking of anything unawares from the person or out of the hand, as by snatching the same, is sufficient to constitute robbery, unless some injury be done to the person of the party from whom the property is taken, or unless there appears to have been a previous struggle for the property.

The State v. Carr and Brown.

Any subsequent struggle between the defendants and the party robbed, or any violence subsequently done by to the person robbed, cannot be considered by the jury against defendants." This instruction also omits the element of "putting in fear," and is based alone on a struggle, or force and violence. It may well be that a person might be put in fear and money suddenly snatched from his hand or person. Nor are we prepared to admit that a sudden snatching of a purse from the hand is not the use of such force as to constitute robbery. On the contrary, with due deference to the authority cited by counsel, we hold that a sudden snatching from the hand or person of another constitutes the force and violence sufficient under our statute to constitute robbery. The instruction was, therefore, correctly refused.

*5. —: —: what constitutes.*

The fourth instruction refused is covered by those given by the court. Besides this, it refers to the other instructions asked, and which we have held were properly refused, and is based on the thought that the previous instructions were correct. It was, therefore, properly refused.

VI. The abstract contains three affidavits, two of them by jurors and the other by the bailiff, showing that one of the jurors, after they had retired to consider as to their verdict, sent for "Conklin's Treatise;" that the same was furnished to such juror, who read therefrom what he stated was in support of the charge given by the court. It is sufficient to say that the abstract does not purport to contain all the affidavits or evidence on this subject, and the point is expressly made by the Attorney General, that the abstract is not full and complete in this respect. Besides, having determined that the instructions are correct, we are unable to see how defendants were prejudiced by reading from a book in support of the charge of the court. This disposes of all the objections urged by counsel, and we feel compelled to affirm the judgment of the District Court.

*6. PRACTICE: conduct of jury.*

AFFIRMED.