The State v. Golden.

## THE STATE v. GOLDEN ET AL.

1. **Criminal Law** : RECENT POSSESSION. The possession of stolen property immediately after a larceny tends to prove the party in possession to be guilty of larceny. Where a party was charged with larceny by breaking and entering, an instruction directing the jury that, the crime having been proved, possession of the stolen property was presumptive evidence of guilt, was *held* to be correct.

2. ——— : ——— : INTENT. Evidence of possession of property recently stolen is competent to prove the intent, under an indictment charging breaking and entering with intent to commit larceny.

3. ——— : PLEADING. It does not constitute a fatal variance that the tenant in possession is described in the indictment as the owner of the property entered upon.

*Appeal from Clarke District Court.*

THURSDAY, JUNE 13.

THE defendants were indicted for the crime of breaking into a store-room with intent to commit the crime of larceny. There was a verdict of guilty, judgment, and defendants. appeal.

*Likes & Smith*, for appellants.

*J. F. McJunkin, Attorney General,* for the State.

SEEVERS, J.—I.   The defendant asked the court to instruct the jury as follows:

"3.   When goods were stolen in connection with the crime

1. CRIMINAL
law: recent
possession.

of breaking into a building, possession of such goods immediately after the crime of breaking into the building was committed, without other evidence of guilt, would not be sufficient to convict the party or parties in possession of such goods."

This was refused and the following given:

"9. If parties are found in possession of goods recently stolen by breaking into a store-room, and which have been stolen by breaking into a store-room, it causes a presumption that such parties have stolen such goods by breaking into a store-room. This presumption may be rebutted by the defendants explaining such possession.   The burden is on the State to prove, and it must prove that such goods were stolen from a store-room before such presumption exists."

It is the established rule in this State that possession of stolen property immediately after a larceny tends to prove the party in possession to be guilty of the larceny.   Such possession unexplained creates a presumption against him.   *Warren v. The State*, 1 G. Greene, 106; *The State v. Taylor*, 25 Iowa, 273; *The State v. Brady*, 27 Id., 126; and such is believed to be the prevailing rule.   1 Greenleaf's Ev., § 34.   We are not called on to consider and determine the value or persuasive power of such evidence.   That is the province of the jury.   Nor are we called on in the present case to determine whether it alone is sufficient to convict; because it is practically conceded, and certainly cannot be successfully denied, that there was independent evidence of the breaking.   This evidence, together with the recent possession of the stolen goods, and a failure satisfactorily to account for such posses-

sion, would be sufficient to authorize the jury to convict. That such would be the rule if the crime charged were simple larceny must be true.    It matters not whether the party found in possession of the stolen property is in fact guilty.    The presumption, nevertheless, exists, the burden being on him to explain the possession, the theory of the law being that if he rightfully came into the possession of the property he can readily do so.

In the case at bar the instruction given by the court requires the State to prove—*First*, the breaking; and, *second*, the larceny, or felonious taking from the building—before the defendants could be called on to account for their possession of the stolen property.    It will be seen the instruction requires the jury to find that the crime charged has been satisfactorily proved. But it remains to be determined that the defendants are the parties who committed it.    For this purpose the recent possession of the stolen property, unexplained or not satisfactorily accounted for, creates a presumption they committed the breaking with intent to commit larceny.    The instruction given is, therefore, correct, and there was no error in refusing the one asked.    *Commonwealth v. McGorty*, 114 Mass., 299; *The State v. Reid*, 20 Iowa, 413; *The State v. Walker*, 41 Id., 217.

II.    It is ordinarily true a party cannot be convicted of a
2. ——: ——: particular crime with which he is charged upon
intent.          proof of some other crime, and, as a general rule,
such evidence is inadmissible.    *The State v. Walters*, 45 Iowa, 389.    But to this rule there are exceptions, noted among which is the crime of passing counterfeit money, where the guilty intent or knowledge must be shown.    There are also others.    *Higgins v. The State*, 7 Ind., 549; *Haskins v. The People*, 16 N. C., 344.

In the present case, before the defendants could be convicted, the intent to commit larceny must be established, this being a part of the crime charged.    In fact, unless such intent was established to the satisfaction of the jury, no crime had

The State v. Golden.

been committed. Therefore, the possession of property stolen from the building was competent as evidence tending to prove the requisite guilty intent.

III. The indictment charged the building broken into to be the property of George F. Howe, and the court instructed the jury: "If Howe was a renter, and in possession of the same, it is sufficient proof of ownership." In this there was no error. 2 American Criminal Law, § 1590. *The State v. Morrissey*, 22 Iowa, 158, cited by counsel, is not applicable.

3. ——: pleading.

IV. The court instructed that the defendants could not be found guilty unless the jury were satisfied beyond a reasonable doubt, and also "if the facts proved could not be accounted for upon any reasonable supposition consistent with the innocence of defendants," or could only "be accounted for upon the reasonable supposition of the guilt of the defendants," then they should be found guilty.

These last instructions are objected to because they ignore the question of reasonable doubt. But the settled rule is that instructions should be read and considered as a whole, and their meaning thus ascertained. So doing, we think the jury could not have failed to understand that the guilt of the defendants must be established beyond a reasonable doubt.

The defendants asked an instruction as to the weight to be given to circumstantial evidence. This was refused and another given in its stead. Both might with propriety have been given, for there is no substantial difference between them.

There was, however, no error in the refusal to give the one asked.

AFFIRMED.