THE STATE v. SHORT.

1. **Criminal Law**: INDICTMENT: BURGLARY. An indictment for burglary which charges the breaking and entering with intent to commit a public offense is sufficient; it is not essential to its validity that it should charge in addition that such breaking and entering were "burglarious."

2. ——: ——: ——. The defendant being charged with breaking and entering in the night time the dwelling-house of a person named, the indictment would not be rendered invalid by the fact that the legal title to the premises was in the wife of such person, it being occupied as a homestead by the family of which he was the.head.

*Appeal from Monroe District Court.*

FRIDAY, SEPTEMBER 24.

THE indictment charged the defendant as follows: For that the defendant "did then and there, with intent to commit a public offense, to-wit: larceny, feloniously and willfully break and enter in the night time the dwelling-house of one T. H. Elder, then and there being in said house goods, wares and valuable articles kept by said Elder." The defendant pleaded not guilty and appeals.

*Henry L. Dashiell*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

SEEVERS, J.—I. It is urged that the indictment is insufficient because it does not charge the breaking and entering was "burglarious;" that is, that the omission of such word constitutes a fatal objection to the indictment. The statute under which the indictment was found provides: "If any person break and enter any dwelling-house in the night time with intent to commit a public offense, he shall be deemed guilty of burglary. Code, § 3891. The breaking and entering with the required intent constitutes the statutory crime. This is clearly charged, and the defendant is deemed guilty of burglary, because the

statute so provides. The material thing is the intent with which the breaking is done. This is sufficiently stated in the indictment.

II. The evidence shows that the name of the party charged to have been injured is Thomas H. Elder; the indictment states the name to be T. H. Elder; the evidence clearly establishes that Thomas H. Elder and T. H. Elder is the same person. The substantial rights of the defendant were not prejudiced by the refusal of the court to charge the jury " that if they found the facts above stated to be true they must acquit." Code, § 4306.

III. The evidence showed that Phœbe Elder was the owner of the property referred to in the indictment as the dwelling-house of T. H. Elder; but it also showed that T. H. Elder was in possession, as hereinafter stated. This variance between the indictment and proof is not sufficient to entitle the defendant to an acquittal. *The State v. Golden et al.*, 49 Iowa, 48.

IV. The evidence showed that T. H. Elder and Phœbe Elder were husband and wife, and that the house entered was their homestead, and that T. H. Elder was the head of the family. We think the house was in the possession, for the purposes of this case, of T. H. Elder. Being the head of the family he had the possession and control of the premises, or, to say the least, was in lawful occupancy thereof. It seems to us it matters not to whom the legal title to the homestead belongs. If the husband and wife are living thereon the possession of the premises must necessarily, in the absence of any showing to the contrary, be in the head of the family.

AFFIRMED.