# THE STATE v. RIVERS ET AL.

1. **Verdict:** CONFLICTING EVIDENCE TO SUPPORT. Where the evidence in support of a verdict of guilty is conflicting, this court will not interfere.

2. **Criminal Law:** COMPETENCY OF WITNESSES NOT BEFORE GRAND JURY. The state in rebuttal is not limited to the witnesses who were examined before the grand jury, or of whose introduction the prescribed notice has been given. (*State v. Parish*, 22 Iowa, 284.)

3. **Burglary:** ALLEGATION AND PROOF OF OWNERSHIP AND POSSESSION. It was averred in the indictment that the building in which the burglary was committed was owned by three persons, (naming them,) who were doing business as partners therein. *Held* that, since burglary is an offense against the possession, it was sufficient to show that a partnership composed of the persons named was in the possession and occupancy of the building at the time it was broken and entered.

| | |
|---|---|
| 68 | 611 |
| 79 | 517 |
| 68 | 611 |
| 81 | 42 |
| 68 | 611 |
| 84 | 86 |
| 68 | 611 |
| 87 | 36 |
| 68 | 611 |
| 94 | 64 |
| 68 | 611 |
| 95 | 430 |
| 68 | 611 |
| 97 | 451 |
| 68 | 611 |
| 102 | 654 |
| 68 | 611 |
| 109 | 68 |
| 68 | 611 |
| 113 | 539 |
| 68 | 611 |
| 122 | 5 |
| 68 | 611 |
| f135 | 483 |

4. **Criminal Evidence**: ALIBI: BURDEN OF PROOF. The burden of proof to establish an *alibi* is on the defendant. REED, J., and ADAMS, CH. J., not concurring.

5. **Burglary**: POSSESSION OF STOLEN GOODS AS EVIDENCE. Ordinarily the possession of property which has been stolen from a building which has been broken and entered, is not alone *prima facie* evidence that the one having it in possession is guilty of the burglary. (See *State v. Shaffer*, 59 Iowa, 290, and cases there cited.) But when it is shown to the satisfaction of the jury that the larceny and the burglary were committed by the same persons at the same time, such possession is *prima facie* evidence that the possessors are guilty of both offenses. (*State v. Golden*, 49 Iowa, 48.)

### Appeal from Mahaska District Court.

### WEDNESDAY, APRIL 21.

THE defendants were convicted of the crime of breaking and entering a store building in the night time with intent to commit a larceny, and they appeal from the judgment pronounced against them.

*Phillips & Greer*, for defendants.

*A. J. Baker, Attorney-general*, for the State.

REED, J.—I. The evidence given on the trial shows that the building described in the indictment was broken and entered by some person on the night of the fifteenth of September, 1884. It also tends to show that a portion of the goods kept in the building, (which was occupied as a general store,) was stolen at the same time. The business conducted in the building was carried on by a partnership consisting of three partners, but the real estate was owned by two of the partners. The evidence relied on by the state to connect the defendants with the crime is circumstantial. The offense was committed at Olivet, in Mahaska county. On the eighteenth of September the defendants were arrested at Mount Pleasant, in Henry county. When arrested, they had in their possession

1. VERDICT: conflicting evidence to support.

certain goods which the evidence tends to show were stolen from the store on the night of the burglary. There was evidence, also, which tends to show that, on the evening of the fifteenth of September, they were seen in the vicinity of Olivet, and that they were there in company with two other men. When they were arrested, a man named Gleason was in their company, and the evidence tends to show that he was one of the party of four who were seen in the vicinity of Olivet on the evening of the fifteenth. He was arrested and indicted jointly with the defendants, but was awarded a separate trial. The defendants introduced evidence which tended to prove that they and Gleason were in Fort Madison on the evening of the fifteenth, and that they went during that night to Mount Pleasant with a circus with which they were employed, and that they arrived at Mount Pleasant early on the morning of the sixteenth, and remained there during that day. They also testified that they purchased the goods found in their possession when arrested from a man whom they met at Fairfield on the seventeenth.

Counsel for defendants contend that the evidence does not satisfactorily establish either that the defendants were in the vicinity of Olivet on the evening of the fifteenth, or that the goods found in their possession were stolen from the building at the time of the burglary. They also contend that, upon the evidence given by the defendants which tended to prove an *alibi*, and that which tended to explain their possession of the property, they were entitled to an acquittal. But we cannot disturb the judgment on this ground. It is not practicable for us to set out the evidence on these questions, or comment at any length upon it. We deem it sufficient to say that there was evidence which strongly tended to establish the identity of the property found with defendants with that stolen from the building. Witnesses who saw the four men in the vicinity of Olivet on the evening of the fifteenth undertook to identify the defendants and Gleason as three of the men composing the party. If these

witnesses were correct as to this, it follows necessarily that those who testified that they were in Fort Madison on that evening testified falsely. Which of the witnesses was entitled to credit was a question for the jury, and they were in a much better position to form a correct judgment on the question than we are. The testimony which tended to prove the purchase of the goods at Fairfield was given by the defendants and Gleason alone. They were not contradicted with reference to that transaction by any direct evidence. Their story, however, with reference to it was not so reasonable or probable as that we can say that the jury should have accepted it as the truth. Indeed, it has so many points of resemblance to the stories which the writer of this opinion, in his experience in the district court, has heard told by defendants in criminal cases when there was an apparent necessity for them to explain their possession of other people's property, as to lead him to doubt whether it is entirely original with these defendants.

II.   Each of the defendants testified that he had never been in Olivet or in Mahaska county, until he was brought

2. CRIMINAL law: competency of witnesses not before grand jury.

there after his arrest on this charge. The state offered evidence in rebuttal, tending to prove that defendant Martin was in Olivet, and in the store which was burglarized, about a month or six weeks before the burglary; also that he was in Oskaloosa at about the same time. The witnesses by whom it was proposed to prove these facts were not examined before the grand jury that found the indictment, and the district attorney had not served the defendants with notice of his intention to examine them on the trial. Counsel for the defendants objected to the examination of the witnesses, on the ground that defendants had not been notified that they would be examined, as required by the statute; but the objection was overruled. If the defendants had contented themselves with a simple denial that they were at Olivet, or in that vicinity, on the evening of the fifteenth of September, the state would clearly not

have been entitled to examine witnesses in rebuttal of their statement who had not been examined before the grand jury, or of whose introduction the notice prescribed by section 4421 of the Code had not been given, for the testimony of such witnesses would have tended to prove a fact which had a tendency to support the indictment. Defendants, however, made their denial much broader than this. It must be presumed, we think, that they regarded the fact that they had not been in the county at any time before the fifteenth of September as material to their defense, or they would not have attempted to prove it, although its materiality is not apparent to us. They did not make the objection that the evidence offered tended simply to contradict them on an immaterial matter, but their objection went solely to the competency of the witnesses. The evidence given by the witnesses was not introduced in support of the indictment, but to contradict the statement of the defendants, and was therefore admissible if the evidence it tended to rebut was material. The state, in rebuttal, is not limited to the witnesses who were examined before the grand jury, or of whose introduction the prescribed notice has been given. *State v. Parish*, 22 Iowa, 284. We think, therefore, that the ruling of the district court, that the state was entitled to examine the witnesses, is correct.

III. It is averred in the indictment that the building in which the offense was committed belonged to B. Sumner, W. H. Sumner and Sarah Shoup, who were doing business as partners under the firm name of B. Sumner & Co. As stated above, the proof was that the building was occupied by the firm comprised of the three persons named, but in fact was the property of two of them. Defendants asked the court to instruct that the ownership must be proved as laid in the indictment. But the court refused to give that instruction, and told the jury that it would be sufficient on this point if it was shown that a partnership composed of the persons named in the indict-

3. BURGLARY: allegation and proof of ownership and possession.

ment was in the possession and occupancy of the building at the time it was broken and entered. This ruling is correct. Burglary is an offense against the possession. At common law the ownership was required to be laid in the tenant or person in possession. Whart. Crim. Law, §§ 787, 788, 816. This rule is not changed by any provision of our statute, although under Code, § 4302, it would probably be immaterial whether the ownership was laid in the landlord or the tenant, if the offense was in other respects sufficiently described.

IV. The district court instructed the jury, in effect, that on the question of the alleged *alibi* the burden of proof

4. CRIMINAL evidence: alibi: burden of proof.

was on the defendants. The instruction is in accord with the previous holdings of this court. The writer of this opinion deems it proper to say, however, that he is not satisfied of the correctness of this holding, and the present chief justice concurs in this view. A majority of the court, however, are content to adhere to the former holding on the question.

V. The district court gave the following instruction: " If you find from the evidence in this case, beyond a reason-

5. BURGLARY: possession of stolen goods as evidence.

able doubt, that the goods or articles of merchandise introduced in evidence, or some part of them, were by some one or more persons stolen from the said building in the night-time, by breaking and entering such building, and you further find that, within a few days thereafter, such goods or merchandise, or a portion thereof, were found in possession of defendants, you would, in such case, be warranted in concluding that the goods, if any thus found in the possession of defendants, were stolen by defendants from said building by breaking and entering the same in the night-time, unless the facts and circumstances disclosed by the evidence raise in your minds a reasonable doubt as to whether they did not come honestly into such possession." The doctrine of this instruction is that the guilt of the accused might be inferred from the fact that they had the

stolen property in possession, if such possession was unexplained, and it was shown that the larceny was committed by the same parties who broke and entered the building, and was also committed at the time of the burglary.

It is contended that the instruction is in conflict with the holding of this court in *State v. Shaffer*, 59 Iowa, 290. The instruction which we disapproved in that case is set out in the opinion, and need not be here quoted. It held that the possession of property which had been stolen from a building which had been burglariously broken and entered, alone was *prima facie* evidence that the one having it in possession committed the burglary, and it is said in the opinion that the presumption which arises from this possession of stolen property is not applicable to the crime of burglary; and the general doctrine undoubtedly is that the possession of property which has been stolen from a building, which had been broken and entered, is not alone *prima facie* evidence that the one having it in possession is guilty of the burglary. See the authorities cited in the opinion in *State v. Shaffer*. Such possession, if unexplained, does raise a presumption, however, that the party is guilty of the larceny. But it does not follow necessarily, in every case, that both crimes were committed by the same party. The one who committed the larceny may have found the building open after the burglary was committed, and may have entered it and stolen the goods without having been concerned in the breaking. It is obvious, therefore, that the mere possession of the stolen goods does not have the same tendency to connect him with the burglary which it does with the larceny. It is a circumstance which would ordinarily be removed one degree further from the one crime than the other, and this we apprehend is the reason of the rule on the subject laid down by the authorities. But when it is shown to the satisfaction of the jury that the two offenses were committed at the same time, and by the same person, it is impossible that it should have any greater tendency to prove his guilt of the

one than of the other crime.   If the two offenses were com-mitted by the same persons, and at the same time, the fact that the defendants had the stolen property in their posses-sion necessarily has the same tendency to prove them guilty of the burglary as of the larceny.   We think, therefore, that the instruction is correct.   See, also, *State v. Golden*, 49 Iowa, 48.

We have examined the whole record, and we find no ground upon which we think the judgment should be dis-turbed, and it will accordingly be

AFFIRMED.