THE STATE OF IOWA, Appellant, v. JOSEPH ·SEMOTAN, et al., Appellees.

**Malicious Mischief**: INJURY TO BUILDING: INDICTMENT: PROOF. Under an indictment charging the defendant with having injured and defaced a building in the town of V., "commonly known as National Hall, the property of Lodge Karal Jonas, number 122 of the Bohemian Slavonian Benevolent Society, a corporation duly organized under the laws of the state of Iowa," *held*, that it was not necessary for the state to prove a record title to the building in question in the society named, proof of possession by said society being sufficient.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

THURSDAY MAY 12, 1892.

THE defendants were indicted upon a charge of maliciously injuring a building. They pleaded "not guilty," and were tried by jury. When the state had concluded the introduction of the evidence in behalf of the prosecution, the court, on motion of the defendants, directed the jury to return a verdict of not guilty, which was done, and the state appeals. *Reversed.*

*J. R. Caldwell* and *James Fowler*, County Attorney, for the state.

ROTHROCK, J.—The defendants were charged in the indictment with injuring and defacing a building in the town of Vining, "commonly known as the 'National Hall,' the property of Lodge Karal Jonas, number 122 of the Bohemian Slavonian Benevolent Society, a corporation duly organized under the laws of the state of Iowa, by then and there willfully, forci-

bly, unlawfully and maliciously striking, kicking and breaking in the door of said building." The evidence shows beyond question that on the tenth day of February, 1891, there was a building at Vining, in Tama county, known as "National Hall," and that on that day the defendants made an attack on the outside door of said building, and, against the protest of the persons in charge of the building, broke down the door, entered the building and assaulted the persons in charge thereof. It further appears from the evidence that the Lodge Karal Jonas, number 122, a Bohemian benevolent society, was at that time in possession of the building by one John Soatos, one of the trustees of the lodge, and that said lodge was at that time acting as a corporation. These facts were shown by parol evidence.

Later in the trial of the cause the state offered to introduce in evidence the record of the incorporation of Lodge Karal Jonas, number 122 of the Bohemian Slavonian Benevolent Society, and a deed of conveyance of the land or lots upon which the building in question was situated, which deed was from one Kucera to said lodge, and another conveyance of the land or lots from the Milwaukee Land Company to said Kucera. All of this evidence was objected to by the defendants, and the objection was sustained. It does not appear what specific objection was made to the articles of incorporation, and counsel for the state have not advised us in their argument why the articles were not permitted to go in evidence. It may be that the articles are not in compliance with the law providing for articles of incorporation. We do not think it is necessary that we should seek for the ground upon which the said evidence was rejected. We are without the aid of argument for the appellees, and in such cases we determine no more than is actually necessary to dispose of the case.

We think that the state was not required to prove a record title to the building known as the "National Hall" in the society named in the indictment. Proof of possession was sufficient, and, as we have seen, possession was shown beyond any question to be in the society which is named in the indictment as the owner. If the building had been owned by a partnership, it surely would have been competent to have proved that fact by parol. It would not be necessary to prove record title, nor to produce the articles of partnership. And the same rule should apply to proof of the existence of a corporation. Wharton on Criminal Evidence, sec. 164. · So in 3 Greenleaf on Evidence, sec. 161, in treating of the crime of larceny, it is said that it is essential to prove that the goods were the property of the person named in the indictment. But it is further said that "the property may be either general or special, and the possession may be actual or constructive; proof of either of these being sufficient to support this part of the indictment. For the general ownership of goods draws after it the legal possession, though they were in the actual custody of a servant or agent; and the lawful possession with a qualified property as bailee or agent is a sufficient proof of ownership against a wrong-doer." It appears to us that the same rule should apply to an indictment for a malicious injury to property. The evidence in this case shows that the persons in possession of the building had the key to the door, and were engaged in cleaning the hall. Section 5687 of McClain's Code (section 4302, Code of 1873) provides that, "when an offense involves the commission of or an attempt to commit an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the name of the person injured or attempted to be injured is not material." It does not appear that the town of Vining is a

metropolis. It does appear that there was a dance in the hall the night before the defendants broke down the door, and that the dance closed about six o'clock in the morning, and the defendants were at the dance. The indictment states that the offense was committed upon the hall in the town of Vining, and it appears to us that this describes the offense with sufficient certainty; so that, if the ownership of the property was erroneously stated to be in a corporation, the variance was not fatal. See *State v. Emeigh*, 18 Iowa, 122; *State v. Flynn*, 42 Iowa, 164; *State v. Carr*, 43 Iowa, 418; *State v. Emmons*, 72 Iowa, 265. REVERSED.

KINNE, J. took no part in the decision of this case.