## STATE OF IOWA V. JOE JELINEK, Appellant.

**Indictment:** NAME OF PERSON INJURED. An allegation that defendant broke into the store of certain persons named, in a stated town, "known as the Grange Store," is sufficient where the evidence shows that the store was known in said town as "the Grange Store" though it also appears that the persons named did not own the store as individuals but as a corporation. Code, 4302. *State v. Morrisey*, 22 Iowa, 158, *distinguished.*

**Practice in the Supreme Court.** Where a charge correctly states the law and is applicable to the facts it cannot be attacked on appeal for lacking fullness, where no instructions were asked below.

*Appeal from Benton District Court.*—HON. JOHN R. CALDWELL, Judge.

FRIDAY, OCTOBER 4, 1895.

The defendant was indicted for breaking into a store building; was convicted, and sentenced to the penitentiary for the term of two and one-half years, and appeals.—*Affirmed.*

*T. H. Milner* for appellant.

*Milton Remley,* attorney general, for the state.

Kinne, J.—I. Appellant contends that the ownership of the building which was broken into was not proven as laid. The property is thus described in the indictment: "A certain store, known as the 'Grange Store,' at Belle Plaine, Iowa, of W. A. Parris, Geo. Straben, W. Ealy, ——Ealy, Dave Rosterson, H. W. Vandike, J. P. Vandike, and S. P. Vandike, Wm. Dixon, and the minor heirs of H. Guinn, in which goods, wares, and merchandise were kept for sale, use, and deposit." The evidence showed that the building broken into was known as the "Grange Store." One witness testified on direct examination that the Grange Store was a stock company, and belonged to the parties named in the indictment. On cross-examination he said he thought it was incorporated, and the incorporators were the parties named. Our statute provides that an indictment is sufficient if it can be understood therefrom "that the act or omission charged as the offense, is stated with such a degree of certainty, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and the court to pronounce judgment upon a conviction according to the law of the case." "That when material, the name of the person injured, or attempted to be injured, be set forth when known to the grand jury, or if not known to it, that it be so stated in the indictment." Code, section 4305. It is true that we held in *State v. Morrissey,* 22 Iowa, 158, that the name of the owner of the building, if known, should be stated in the indictment. That was a case where the name of owner of the building was not given. The object of the statute requiring the name of the owner to be stated is to fix the identity of the particular building broken into, and such is the thought of the opinion in the case cited. This is

necessary, that the defendant may know with reason-
able certainty the charge that is made against him.
The statute provides, "When an offense involves the
commission of, or an attempt to commit, an injury to
person or property, and is described in other respects
with sufficient certainty to identify the act, an errone-
ous allegation as to the name of the person injured, or
attempted to be injured, is not material.    Code, sec-
tion 4302.    In *State v. Carr*, 43 Iowa, 418, it was held
that a mistake in the name of the person injured, in an
indictment for robbery, is not material, unless it is
shown that the accused has been prejudiced thereby.
In *State v. Golden*, 49 Iowa, 51, the indictment charged
the building broken into to be the property of George
F. Howe.    The evidence showed that Howe was a
renter, only, of the property, and in possession of it.    It
was held a sufficient proof of ownership.    In *State v.
Franks*, 64 Iowa, 39 [19 N. W. Rep. 832,] in an indictment
for burglary, it charged that the house belonged to, and
was the property of, the estate of W. F. Rodman,
deceased.    It was held good.    See *State v. Emmons*,
72 Iowa, 265 [33 N. W. Rep. 672].    In *State v. Semotan*, 85
Iowa, 57 [51 N. W. Rep. 1161], in the case of an indict-
ment charging the defendant with having injured and
defaced a building, it is said:    "The indictment states
that the offense was committed upon the hall in the
town of Vining; and it appears to us that this describes
the offense with sufficient certainty, so that, if the
ownership of the property was erroneously stated to
be in a corporation, the variance was not fatal."    All
of the evidence shows that the building was known as
the "Grange Store."    The names of the parties owning
it, whether it be owned by a stock company or corpo-
ration, are given.    It appears that no prejudice resulted
to defendant from a failure to aver the name of the
corporation owning the building.

II.   Complaint is made of certain instructions given, and because the court did not instruct as to certain matters.   These are without merit.   If the instructions given were not deemed full enough by counsel for appellant, he should have asked others.   None were asked touching the matters herein referred to.   Complaint is also made of the instruction touching the intoxication of the defendant. The jury were told that the intoxication of defendant might be weighed by them, in determining the intent, if any, of the defendant in breaking and entering the store.   It is said that the court should have told them that, if they found from the evidence that the defendant was so drunk as to be incapable of forming an intent to break and enter the building, they should find him not guilty.   It is doubtful if the testimony in this case warranted an instruction such as counsel contends for, but however that may be, the one given was, under the circumstances, correct, as far as it went; and, if counsel desired a more definite statement of the law to be given the jury, he should have asked an instruction embracing it.   Having failed to do so, he cannot now be heard to object, inasmuch as the instruction, as given, correctly stated the law, and was applicable to the facts. It appears to us that, in all respects, the defendant had a fair trial.—*Affirmed.*