## STATE OF IOWA v. SAM LEE, Appellant.

<div style="float:right">95 427|<br>97 451|</div>

**Burglary Indictment:** VARIANCE. There is no fatal variance where an indictment for burglary lays title to the building in one who is shown to be only its tenant.

**Practice:** INDICTMENT. In examining a witness upon notice, the state is not confined to matters stated in the notice. *Following State v. Craig*, 78 Iowa, 637.

SAME. Whether one who has testified to establish defendant's moral character may be cross-examined as to whether he had heard of defendant's burglarizing other buildings, *quære. Gordon v. State*, 3 Iowa, 412, *distinguished.* At any rate it will not be considered here because no objection was made or exception taken below.

MISCONDUCT OF COUNSEL. Asking improper questions, held not to have been prejudicial because objections thereto were properly sustained, and incompetent testimony immediately ruled out, on motion.

**Bill of Exceptions** in another case in the court below, cannot be reviewed here unless it is properly made a part of the record of the case appealed.

*Appeal from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

FRIDAY, OCTOBER 4, 1895.

Defendant was indicted, tried, and convicted of the crime of breaking and entering a building where goods, wares, and merchandise were kept for use, sale, and deposit, and he appeals.—*Affirmed.*

*D. C. Chase* for appellant.

*Milton Remley*, attorney general, for the state.

Deemer, J.—I.   Defendant moved to set aside the indictment because the grand jury finding the same was not summoned and drawn according to law, in that

*First,* the said grand jury was not selected from seventy-five names as the law requires; *second,* the lists from which selection was made did not include names from one of the wards in Webster City, and no provision was made therefor. No evidence was introduced in support of this motion. The abstract contains this statement: "Reference is hereby made to bill of exceptions in the State vs. John Littleton, part of the records of this court." Then follows the bill of exceptions referred to. This bill of exceptions was not introduced in evidence in the court below, nor is it made a part of the record in this case by proper bill of exceptions or otherwise. We cannot take notice of what appears of record in other cases in the district court from which the appeal was taken. If it be conceded that the lower court might take notice of whatever appears of record, it does not follow that we can do so. To present such matters to this court, they must be made part of the record in the case submitted by proper bill of exceptions. As there is no evidence in support of the motion, we cannot consider the questions presented.

II. A witness was called by defendant to establish his general moral character. On cross-examination this witness testified that he had heard of defendant's having burglarized other buildings. This line of cross-examination is said to be erroneous. It does not appear that an objection was made by defendant to the questions propounded, or that any exceptions were taken. There is nothing here to consider. Even if the questions were properly presented, we are not prepared to say that the ruling was erroneous. The case differs very materially from *Gordon v. State,* 3 Iowa, 412.

III.   Complaint is made of the conduct of the county attorney in propounding certain questions to witness Dinsdale, with reference to his identification of defendant.   Objections were promptly sustained to all improper questions, and motions to strike incompetent testimony were granted as soon as made.   We see no error.

IV.   One Hathaway was examined as a witness. His name was not indorsed on the back of the indictment, but notice was given defendant of the production of his testimony.   It is now insisted that the notice was insufficient to justify testimony from him as to an alleged confession made by the defendant.   The question does not seem to be properly raised.

The record shows the following: "Defendant objects to that.   (Overruled, and defendant excepts.)" Again:   "Defendant moves to strike out that conversation.   (Motion   refused,   and   defendant   excepts.)" Again:   "I object to the testimony of this witness as to alleged conversations between this witness and defendant, and wish to renew my motion.   The notice of the testimony I desire to submit and have identified by the reporter.   (Motion refused, and defendant excepts.)" It will be noticed that in none of these objections or motions is the ground therefor stated.   They were all properly overruled, for this reason, if for no other.   The question argued by counsel is ruled adversely to him, however, in the case of *State v. Craig*, 78 Iowa, 637 [43 N. W. Rep. 462].

V.   The ownership of the building is laid in one William Baldwin.   It is urged on behalf of appellant that there is a fatal variance between the allegation and the proof, in that the evidence shows title to the building to be in one Jones.   From the record it appears that Baldwin was using and occupying the building in question for a lunch counter at the time the offense is said to have been committed.

This is at least *prima facie* evidence of ownership, and sufficient proof of the allegation in the indictment. *State v. Teeter*, 69 Iowa, 717 [27 N. W. Rep. 485]; *State v. Emmons*, 72 Iowa, 265 [33 N. W. Rep. 672]; *State v. Golden*, 49 Iowa, 48; *State v. Short*, 54 Iowa, 392 [6 N. W. Rep. 584]; *State v. Rivers*, 68 Iowa, 611 [27 N. W. Rep. 781]. It is only necessary to prove that the person named in the indictment as owner was in the occupancy and possession of the building. One Jones testified, however, that he was the owner of the property, and this testimony is said to make the variance complained of. At common law the ownership of the building was required to be laid in the person in possession, and this rule is not changed by statute, except that an erroneous allegation in this respect is not material when the crime is in other respects sufficiently described. Code, section 4302. There was no material variance. *State v. Franks*, 64 Iowa, 39 [19 N. W. Rep. 832] *State v. Rivers*, 68 Iowa, 611; [27 N. W. Rep. 781]; and authorities cited above.

VI. Certain of the instructions are complained of. We have examined each and all with care, and, without setting them out, content ourselves with saying that they contain clear and concise statements of the law applicable to the case.

VII. Defendant asked an instruction with reference to drunkenness as a defense, which was refused. The court, however, gave an instruction upon his own motion with reference to this subject, which embodies the law as we understand it. We do not set out the instructions, as the law on this subject is well understood.

VIII. Lastly, it is insisted the verdict is not sustained by the testimony. While some of the testimony on behalf of the state is highly colored, yet we think the jury was fully justified in returning the verdict it did.

There is such conflict in the testimony that we cannot interfere. We discover no prejudicial error in the record, and the judgment is *affirmed*.