## STATE OF IOWA v. SMITH PORTER, Appellant.

**Indictment:** VARIANCE. There is no fatal variance because the indictment charges the breaking into a two-story building, and the evidence shows the building to have three stories.

SAME. Under Code, 4302, it is immaterial that an office charged to have been in an individual's possession, was in the possession of that person as the president of a corporation.

*Appeal from Floyd District Court.*—HON. P. W. BURR, Judge. .

WEDNESDAY, APRIL 8, 1896.

INDICTMENT for burglary. Plea of not guilty. Jury trial. Verdict and judgment against the defendant, and he appeals.—*Affirmed.*

*Ellis & Ellis* for appellant.

*Milton Remley,* attorney general, for the state.

KINNE, J.—The indictment in this case charges the crime to have been committed by breaking and entering a certain office in a room in the second story of a two-story building owned by L. Hecht, and that one E. M. Sherman had possession of said office. It is claimed—First, that it was not shown who owned said building; second, that the evidence showed that the building was a three-story, instead of a two-story, building; third, that it appeared from the evidence that the possession of the office or room was in the Sherman Nursery Company; and therefore there was a fatal variance between the allegations of the indictment and the proofs.

Under our statute (Code, section 4302), when an offense involves the commission, or attempted commission, of an injury to the person, or property, and is, in other respects, described with sufficient certainty, an erroneous allegation as to the name of the person injured is not material. A reference to the following cases will show how the statute has been applied: *State v. Emmons*, 72 Iowa, 265 (33 N. W. Rep. 672); *State v. Rivers*, 68 Iowa, 611 (27 N. W. Rep. 781); *State v. Short*, 54 Iowa, 392 (6 N. W. Rep. 584); *State v. Golden*, 49 Iowa, 48; *State v. Semotan*, 85 Iowa, 57 (51 N. W. Rep. 1161); *State v. Franks*, 64 Iowa, 39 (19 N. W. Rep. 832); *State v. Teeter*, 69 Iowa, 717 (27 N. W. Rep. 485); *State v. Jelinek*, 95 Iowa, 420 (64 N. W. Rep. 259); *State v. Lee*, 95 Iowa, 427 (64 N. W. Rep. 284.

It is contended, however, that the crime in this case is not in other respects sufficiently described. The fact that the building was charged to be a two-story building, instead of a three-story building, is not a fatal variance.

Nor is it a fatal variance that the proof showed that the office, or room, was alleged to be in possession of Sherman, when in fact it was rented by a corporation, of which Sherman was president, and occupied by him and in his possession as such officer. See *State v. Semotan* and *State v. Jelinek, supra.*

The court instructed the jury on the theory that the claimed variances, if they existed, were not material, and would not authorize an acquittal of the defendant. There was no error in so doing. All of the objections raised impress us as technical and without merit.—AFFIRMED.