STATE OF IOWA v. C. J. NORMAN, Appellant.

135   483
140   458

**Jurors:** DISQUALIFICATION. Slight defect in eyesight will not disqualify a juror on the ground that he is not in possession of the sense of seeing.

**Juror:** CHALLENGES. The courts ruling upon a challenge to a juror will not be disturbed on appeal unless an abuse of discretion is shown; and when the objection is made by the State a defendant cannot complain unless prejudice is shown.

**Evidence:** FOOT PRINTS. Where the evidence of footprints is such as tends to connect a defendant with the crime of larceny it is admissible. In the instant case the evidence is held competent.

**Evidence:** WAGON TRACKS. Evidence that the highway, along which a wagon was driven from the place of the crime to defendant's residence, was not one usually traveled was proper on the question of whether he was attempting to avoid suspicion.

**Evidence:** IMPEACHMENT. There is no fixed rule as to the locality and time within which the general reputation of a witness may be inquired into for impeachment purposes, but it is largely a matter of discretion with the trial court. In the instant case the evidence is held competent.

**Larceny of domestic fowls:** EVIDENCE. On a prosecution for larceny of domestic fowls, proof of ownership and that the fowls were taken from the enclosed barnyard of one having the right of its use and occupancy satisfies the statute.

**Same:** FORMER ACQUITTAL. An acquittal of the larceny of domestic fowls from the premises of one is not a bar to a prosecution for the larceny of different fowls from the premises of another.

**Misconduct in argument.** The statement of counsel for the State, that defendant committed the larceny, when it does not appear that counsel intended to speak from his own knowledge is not such misconduct as to require a reversal.

**New trial:** DISCRETION. The discretion of the trial court in refusing a new trial, on the ground of misconduct of counsel in the court's presence, will not be disturbed on appeal unless its clear abuse is shown.

*Appeal from Decatur District Court.*— HON. H. K. EVANS, Judge.

TUESDAY, OCTOBER 15, 1907.

DEFENDANT was convicted of the larceny of domestic fowls in the night-time from inclosed premises, under chapter 133, Acts 30th General Assembly, and from sentence to imprisonment in the penitentiary, as authorized by that act, he takes this appeal.— *Affirmed.*

*C. W. Hoffman, Marion Woodard,* and *V. R. McGinnis,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,* Assistant Attorney-General, for the State.

McCLAIN, J.— The defendant challenged a juror on the ground that he was incompetent under Code, section 332, because not in full possession of the sense of seeing; but the only showing in the record is that the juror had a little defect in one eye. As it does not appear that this defect was such as to deprive him in any degree of his sight, in the usual sense of the term, we think the court was fully justified in overruling the objection.

1. JURORS: disqualification.

II.   One who was drawn as a juror was challenged by the State on the ground that he had formed and expressed an opinion, which would disqualify him from serving under the provisions of Code, section 3560. After an examination of the juror as to his qualification in this respect, the court sustained the challenge, and of this the defendant complains. But the rulings of the court ·as to the grounds of challenge will not be interfered with, unless there is an abuse of the discretion with which it is vested, and, on reading the record, we are satisfied that the ruling of the court was correct. Moreover, defendant

2. JUROR: challenges.

cannot complain of the exclusion of a juror by the court, unless some prejudice is made to appear; and there is nothing in the record to suggest that the defendant was unable to secure a fair and impartial trial by reason of the exclusion of the challenged juror from the jury box.

III.    Witnesses testified as to tracks which were found on the morning following the commission of the crime near the place where it was committed, and to finding correspond-

**3. EVIDENCE: foot prints.** ing tracks in front of the premises of a neighbor, and it is contended that this evidence was erroneously admitted. But the evidence for the State, of which that above referred to was a part, tended to connect the defendant with the crime charged by tracing him, by means of the tracks of a spring wagon, from the place where the crime was committed to the defendant's residence, and by identifying the footprints left near the place of the commission of the crime with those of the defendant and another person who was seen with him in a spring wagon during the night along a road which led from the place of the crime to the defendant's residence. The evidence was therefore clearly competent, and its weight was for the jury.

A similar conclusion must be reached with reference to the evidence objected to by the defendant that the road along which the spring wagon was traced from the place

**4. EVIDENCE: wagon tracks:** of the crime to the defendant's residence was not the usual traveled highway, but a by-road, which was not likely to be used in driving from one place to the other. If the defendant had taken an unusual route to reach his destination, that fact would have some bearing on the question whether he was engaged in a legitimate enterprise at the time, or was, on the other hand, attempting to avoid observation, or otherwise carry out the general plan involved in committing the crime charged.

IV.    Complaint is made that witnesses called by the State to impeach the reputation for truth and veracity

of one of defendant's witnesses were allowed to speak with

5. EVIDENCE: impeachment.

reference to his reputation in the community in which he lived nine months prior to the trial; but, as his residence in the meantime was not far removed from the place where he resided nine months before, we are unable to see that there was any error. The whole matter was largely within the discretion of the trial court, and there is nothing to indicate that the witness had any different reputation in the locality of his more recent residence than that which he had enjoyed where he formerly resided. There is no arbitrary rule fixing the limits as to time and locality within which the general reputation of a witness may be inquired about for the purposes of impeachment, and we are satisfied that the court did not abuse its discretion in admitting the testimony in question. *Mc-Guire v. Kennefick,* 111 Iowa, 147; *State v. Prins,* 117 Iowa, 505; *Douglass v. Agne,* 125 Iowa, 67.

V.    As the crime with which the defendant was charged was that of larceny of domestic fowls from inclosed premises, it was necessary for the State to prove that the place from

6. LARCENY OF DOMESTIC FOWLS: evidence.

which they were taken was within the inclosed premises of the person named. The evidence tended to show that the fowls were taken from a coop in a wagon standing within an inclosed barnyard. The premises were therefore inclosed within the meaning of the statute. But it is objected that the premises were described as those of one L. C. McKern, but were proven to belong to his brother, George McKern, and to be a part of the farm of the latter. It appears, however, that L. C. McKern resided with his brother and had the right to use the barn and yard for his own purposes, and that the chickens belonged to him. The premises were therefore the inclosed premises of L. C. McKern, and the evidence sustained the allegations. In such cases proof of occupancy is sufficient. *State v. Watson,* 102 Iowa, 651; *State v. Semotan,* 85 Iowa, 57; *State v. Rivers,* 68 Iowa, 611.

VI.   On cross-examination by defendant of a witness for the State who testified to finding some tracks in front of neighboring premises which had been made on the same night when the crime was committed on the premises of McKern, it appeared that domestic fowls had also been stolen from such neighboring premises.   Thereupon the defendant interposed a plea of a former acquittal, and offered to prove that the defendant had been acquitted of the crime of stealing such fowls from such neighboring premises.   The court refused to receive the offered evidence and submit the plea of former acquittal to the jury, and of this the defendant complains. We would hardly be justified in citing authorities in support of the proposition that an acquittal of larceny of fowls from the premises of A. would not bar a subsequent prosecution for the larceny of different fowls from the premises of B., and no other question is raised by appellant's contention. The discussion of former acquittal as a bar in the case of *State v. Price,* 127 Iowa, 301, furnishes all the answer that is necessary to appellant's claim.

7. SAME: former acquittal.

VII.   Considerable extracts are printed from the arguments to the jury made by counsel for the State in the trial court, and it is contended that such misconduct on their part is shown as to require a reversal.   We find nothing in these arguments likely to be prejudicial to the defendant before the jury or outside of the bounds which are regarded as circumscribing the legitimate province of an attorney for the State in a criminal case.   One of the chief objections made is that counsel asserted before the jury that " defendant stole those chickens."   It does not appear that counsel intended to speak from his own knowledge or from any other information than that derived from the evidence to which the jurors had listened.   However unnecessary it might have been for counsel to announce to the jury his own individual views as

8. MISCONDUCT IN ARGUMENT.

to the defendant's guilt, no prejudice could have resulted to the defendant from his doing so.

The exercise of discretion by the trial court in refusing a new trial on the ground of prejudicial misconduct of counsel in the court's presence will be interfered with on appeal only where an abuse of discretion is clearly made to appear. *State v. Waterbury*, 133 Iowa, 135; *In re Wharton's Will*, 132 Iowa, 714; *Brusseau v. Lower Brick Co.*, 133 Iowa, 245.

9. NEW TRIAL: discretion.

No error appears in the record, and the judgment is *affirmed*.