STATE OF IOWA, Appellee, v. JAMES BURNS, Appellant.

**Criminal law:** BURGLARY: INDICTMENT: OWNERSHIP: EVIDENCE. The allegation of ownership in an indictment for burglary is for the purpose of identifying the offense. The offense is not against the title of the property, but rather the security of its possession and occupancy; and while an indictment may allege owner-

ship in a person, shown to be neither the legal owner nor a lessee, still if it appeared that he was in the sole control and occupancy, using the property for his own benefit and that of the real owner, there was sufficient proof of ownership to support the indictment.

**Same:** IDENTITY OF DEFENDANT: EVIDENCE. In this prosecution for burglary there was sufficient evidence to identify the defendant as the burglar.

*Appeal from Carroll District Court.*—HON. M. E. HUTCH-INSON, Judge.

### WEDNESDAY, JUNE 5, 1912.

THE defendant was indicted for burglary alleged to have been committed on the night of October 15, 1911, in the city of Carroll. There was a trial to a jury and a verdict of guilty, and judgment was entered thereon. Defendant appeals.—*Affirmed.*

*E. A. Wissler* for appellant.

*George Cosson,* Attorney General and *John Fletcher,* Assistant Attorney General, for the State.

EVANS, J.—The indictment charged the defendant with the breaking and entering of a certain warehouse, "the property of Frank Halbig." The principal question presented for our consideration is whether there was any proper proof of the ownership of the building as pleaded in the indictment. The state introduced the testimony of the city marshal, who made the arrest of the defendant, to the effect that he was acting as night watchman to this property and that he had been employed therefor by Frank Halbig. He also testified, in effect, that Halbig had the keys of the property and was in apparent control and occupancy thereof. The defendant called Halbig as a witness. From his testimony it appeared that he was

not the owner of the property but that the same was owned by the Stortz Brewing Company. It appeared therefrom also that Halbig had been in sole control of the property for many years and had carried the keys thereto during all that time. He kept stored therein beer of the brewing company, also more or less property of his own, and also some property received by him for safe-keeping from third parties. On the night of the alleged burglary, property of Halbig and others was contained in the building.

It is conceded by appellant that it was not necessary for the state to show the legal ownership of the property in Halbig. It is contended, however, that, because Halbig

1. CRIMINAL LAW: burglary: indictment: ownership: evidence.

was neither the owner nor the lessee of the premises, his possession and occupancy thereof was the possession of the owner and not his, and that there was therefore a fatal variance between the evidence and the indictment. There is a sense in which it is true that all rightful possession of real estate, being with the consent of the owner, is the possession of the owner. As against all the rest of the world the owner can claim the benefit of such possession. But all this is quite beside the mark. The purpose of the allegation of ownership in an indictment for burglary is to specify and identify the offense. Burglary is not an offense against the fee title of the realty. It is an offense against the security of its occupancy or habitancy. In an indictment for burglary, "ownership means any possession which is rightful as against the burglar." Under many circumstances the ownership may be laid with equal propriety in one person or in another, in the owner or in his tenant, in the master or in the servant occupying under him. Bishop on Criminal Procedure, vol. 2, sections 137, 138; State v. McIntire, 59 Iowa, 264; State v. Golden, 49 Iowa, 48; State v. Norman, 135 Iowa, 483; State v. Watson, 102 Iowa, 651; State v. Lee, 95 Iowa, 427; State

v. Semotan, 85 Iowa, 57; State v. Rivers, 68 Iowa, 611; Hahn v. State, 60 Neb. 487 (83 N. W. 674).

In the case before us the warehouse was known as the "Halbig warehouse" and Halbig was shown to be the only person who assumed any actual control or occupancy thereof. The evidence therefore was sufficient in support of this allegation of the indictment.

II. It is urged that the evidence of identification of the defendant was insufficient. The principal witness for the state was one Walsh, city marshal. Previous

2. SAME: identity of defendant: evidence.

burglaries had recently been committed upon this property. Walsh had been employed by Halbig to watch the property on the night in question. At about 11:30 p. m. he saw two persons approach the building. After some manipulation of the lock they opened the door and entered. Walsh was sixty feet distant. He immediately came to the door and turned the flashlight upon the parties and undertook to fasten the door and imprison them in the building. They escaped. They were arrested in a nearby town the following morning. The testimony of Walsh was positive in its identification. He had seen the defendant earlier in the evening. The burglary occurred on Sunday night. The defendant came to the city on Saturday evening. He was a witness in his own behalf. For some reason he failed to deny that he was at the building in question at the time charged by Walsh except as a denial might be inferred for him from the following testimony: "I went down here to a barn and got in the barn. . . . I went into the barn a little after nine, . . . I left this barn about 6 o'clock in the morning." The "barn" in question was somewhere in the city of Carroll. The evidence on this question was therefore abundant to sustain the verdict.

The foregoing disposes of all the points raised by the appellant. We find no error. The judgment below must therefore be *affirmed*.