STATE OF IOWA, Appellee, v. GUS WINTERSCHEID, Appellant.

**LARCENY:** Evidence—Sufficiency. Evidence held ample to sustain a
1  verdict of guilty of stealing chickens.

**LARCENY:** Indictment—Ownership and Value. Under Sec. 4852-d,
2  Code Supp., 1913, providing that ''any person guilty of larceny of
domestic fowl * * * from any * * * coop or inclosed premises shall
* * * be punished,'' the indictment need not allege the value of the
fowls stolen; and an allegation that the fowls were carried away
from the inclosed premises of a named person is sufficient as an
allegation of ownership.

**CRIMINAL LAW:** Demonstrative Evidence—Articles Employed in
3  Commission of Crime. Articles employed in the commission of a
crime and properly identified may always be received in evidence.

*Appeal from Fayette District Court.*—W. J. SPRINGER, Judge.

DECEMBER 11, 1923.

REHEARING DENIED MARCH 7, 1924.

DEFENDANT was convicted of the crime of stealing chickens
from a coop. He appeals.—*Affirmed.*

*E. M. Thompson* and *M. A. Smith,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Herbert A. Huff,*
Assistant Attorney-general, for appellee.

PRESTON, C. J.—1.  Appellant challenges the sufficiency of
the evidence to sustain a conviction, especially as to the identifi-
cation of the defendant.

The transaction occurred about 10 o'clock on a night in
July. The prosecuting witness, Turner, and his wife heard a
disturbance in the coop, and went out. They say that they saw
the defendant come out of the coop, with a sack
in his hand, and a chicken. He dropped the
sack, in which were three chickens. One of the
Turners was within about a foot from defendant, when witness
struck at him. Mrs. Turner was about ten feet distant. They
did not see the defendant's face, but say that they could and

1. LARCENY: evi-
dence: suffi-
ciency.

did identify him by his form.  They and the sheriff testify
that at that time it was moonlight.  One of the Turners says
that the moon was shining through a rift in the clouds and
through the trees.  Evidence on behalf of the defendant is to the
effect that it was a very dark night.  Tracks were traced from
defendant's place to near the coop, and back to defendant's
property, which was situated across the street and some 40 rods
to one side.  That night, or the next morning, defendant was
requested to and did make tracks, in the presence of the sheriff
and others, and upon comparison it was found that the tracks
so made corresponded with the other tracks.  The defendant
made a statement to the sheriff: "Them tracks is enough to
convict me,—take me."  Evidence for the State tends to show
that, when defendant was making the tracks for the purpose of
comparison, he twisted his foot, which made the track wider.
This was a circumstance tending to show that he was attempting
to disguise his tracks, and indicates guilt.  Another circumstance
tending to so indicate, is that the defendant at first denied hav-
ing been at the Turner place, but later, and in explanation of
the tracks, said that he was there earlier the same evening, and,
according to his explanation, for a proper purpose.  There may
be other circumstances.  The evidence was sufficient.

2.  It is contended by appellant that the indictment is de-
fective, in that it does not allege any ownership of the property
alleged to have been stolen, and that it does not allege that the
chickens were of any value.  The indictment,
2. LARCENY: in-
dictment: own-
ership and value.
among other things, charges that defendant "did
willfully, unlawfully, and feloniously, take,
steal, and carry away from the coop or inclosed premises of R.
F. Turner, four domestic fowls, to wit, chickens; said domestic
fowls being then and there taken by defendant from said coop
or inclosed premises of said R. F. Turner, with intent to steal,
take, and carry away," etc.  The indictment is in the language
of the statute, Section 4852-d, Code Supplement, 1913.  The
statute reads:

"Any person guilty of larceny of domestic fowl or poultry
from any building, shed, coop, or inclosed premises shall, upon
conviction thereof, be punished," etc.

The general larceny statute, Section 4831, Code, 1897, de-
fining larceny, reads, in part:

"If any person steal, take and carry away of the property of another any money, goods * * * note, * * * contract * * * he is guilty of larceny."

So far, there is nothing therein as to value. It is larceny if such things are stolen. As in the first section, it is larceny to steal chickens from a coop or inclosure, regardless of the value. The latter part of Section 4831 provides that, if the value of the property is more than $20, it is a felony, and if less, a misdemeanor. The only purpose in fixing the value is to determine the punishment. There is nothing in the section first quoted as to taking the property of another, as in the second section. It may be true that it is necessary, in order to constitute larceny, that it be the property of another.

It is contended by the State that, since the indictment charges that the property was stolen or carried away from the coop or inclosed premises of R. F. Turner, with intent to steal, this is a sufficient allegation that the property belonged to the said Turner. We are inclined to think so. However this may be, the fact that Turner had possession of the chickens, and kept them on his premises for his own purposes, shows that he is the owner of the property, in the purview of the statute making it a crime to steal property from the inclosed premises of another. *State v. Norman,* 135 Iowa 483; *State v. Burns,* 155 Iowa 488, 490. The evidence in the instant case shows that the chickens were the property of Turner, and were in his possession and on his premises, and were taken from a coop eight feet by twelve, having a window and a door. See, also, *State v. Semotan,* 85 Iowa 57; *State v. McCray,* 189 Iowa 1239, 1242. Furthermore, under our statute, an allegation as to the name of a person injured is not material if the offense is in other respects described with sufficient certainty to identify the act. Code Section 5286. It is provided that an indictment will not be considered insufficient because of any matter which was formerly deemed a defect, but which does not tend to prejudice the rights of the defendant. Code Section 5290 (5); *State v. Pugsley,* 75 Iowa 742; *State v. Martin,* 125 Iowa 715. Cases cited by appellant are not in point. We are of opinion that defendant has no just cause of complaint in regard to this matter.

The two foregoing propositions are those apparently most relied upon for a reversal.

3.   The defendant offered testimony tending to show good character for honesty.   Some of the witnesses so say, but, on cross-examination say that they had heard his character discussed, and that some people said it was bad.   The testimony of some of the witnesses on this subject was stricken, when it developed on cross-examination that they were not acquainted with his reputation or character.   The State, in rebuttal, offered evidence tending to show that his reputation for moral character and for truth and veracity was bad.

4.   It is contended by appellant that the court erred in admitting the sack in evidence, because there was no foundation laid and no identification of the exhibit.   *State v. Tippett,* 94 Iowa 646, 651, and other cases are cited.   The cases are not in point, for the reason that there was no identification of the exhibits.   Such is not the situation in the instant case.   The foundation was laid, and the sack properly identified.   Turner testifies that the sack offered in evidence was the sack he saw defendant drop, because there was a patch sewed on it, and there were feathers on it; that it was in the same condition; that he took it to the house, and afterwards turned it over to the sheriff.   This was sufficient.

3. CRIMINAL LAW: demonstrative evidence: articles employed in commission of crime.

5.   In two or three instances, the court sustained objections to the cross-examination of a witness for the State in rebuttal. It is thought that the court unduly limited the cross-examination. We think this is not the fact.

We discover no prejudicial error in the record.   The judgment is—*Affirmed.*

STEVENS, DE GRAFF, and VERMILION, JJ., concur.