State v. Shaffer.

## STATE v. SHAFFER.

1. **Criminal law:** INDICTMENT FOR BURGLARY: DUPLICITY. An indictment for burglary with intent to steal is not bad for duplicity because it contains allegations of facts constituting larceny. The charge of stealing may be regarded as a mere pleading of evidence or surplusage which might properly have been introduced to support the charge of an intent to steal. Following *State v. Hayden*, 45 Iowa, 11; and distinguishing *State v. Ridley*, 48 Iowa, 370.

2. ———: BURGLARY: EVIDENCE: POSSESSION OF GOODS. The presumption of guilt which arises, in a case of larceny, from the possession of goods recently stolen, does not apply with equal force to the crime of burglary with intent to steal. Such possession is evidence tending to show that the defendant committed the burglary, but is not of itself sufficient, even if unexplained, to warrant a conviction.

*Appeal from Henry District Court.*

WEDNESDAY, SEPTEMBER 20.

THE indictment in this case charges that the defendant broke and entered the barn of J. M. Holland in which barn goods and merchandise and other things of value were kept for use, sale and deposit, with felonious intent to take, steal, and carry away the goods, merchandise, and other valuable things; and twenty bushels of wheat of the value of $14, six sacks of the value of $2, and one bridle of the value of $1.50 of the goods of J. M. Holland did feloniously take, steal, and carry away, etc. There was a verdict of guilty and judgment thereon, from which the defendant appeals.

*L. G. & L. A Palmer*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ROTHROCK, J.—I. The defendant after verdict moved in arrest of judgment on the ground that the indictment is insufficient and void. The motion was overruled

1. INDICT-
MENT for
burglary: du-
plicity.

and the defendant assigns the action of the court in overruling the same as error. He insists that the indictment is bad for duplicity in that it charges a felonious breaking with intent to commit larceny, and also the commission of larceny. In *State v. Hayden*, 45 Iowa, 11, an indictment which was in substance the same as that in this case was sustained. It was held that the charge of stealing might be regarded as a mere pleading of evidence or surplusage which might have been properly introduced in support of the charge of an intent to steal. That case was tried upon that theory in the District Court, and the jury were instructed that the defendant was on trial for breaking and entering the building with intent to steal, and he was found guilty of that offense. The same may be said of the case at bar. The court instructed the jury that "the charge in the indictment that the defendant stole goods is for the purpose

of charging the public offense he intended to commit and the larceny, if any, may be shown and considered for the purpose of showing the intent of the defendant in breaking and entering said building." This case is, then, in strict accord with the rule laid down in Hayden's case. Afterwards in *The State v. Ridley and Johnson*, 48 Iowa, 370, in an indictment substantially the same as in Hayden's case, and the case at bar, the court instructed the jury that three crimes were charged in the indictment:

"1st. Larceny in a store in the night time; 2d, breaking and entering a store with intent to steal; and 3d, simple larceny."

The defendant was found guilty of larceny from a store in the night time. It was urged in that case that the conviction was proper under the indictment, because the claim charged was a compound offense, and that under section 4300 of the Code the several offenses included in the compound offense could properly be charged in the same indictment. We there held that burglary and larceny were not a compound offense and that as the defendant was convicted of the larceny on an indictment for feloniously breaking and entering a building, the conviction could not stand. The question in the last named case, so far as it involved the sufficiency of the indictment, was confined to the inquiry whether or not the crime charged was a compound offense. It having been held that it was not a compound offense, under the rule in Hayden's case, the defendants were convicted of a crime with which they were not charged. We think the indictment in this case was sufficient to support a verdict of guilty of the felonious breaking of the building.

II. Upon the question of the possession of the goods recently stolen the court instructed the jury as follows: "And if the barn was closed up at night so that it could not be entered without breaking, and it was so closed at nine o'clock at night, and at about twelve o'clock of the same night some of the goods

2. BURGLARY: evidence: possession of goods.

kept in said barn during this time were found in the possession of the defendant, or the defendant and others, this would be *prima facia* evidence that the defendant broke and entered said building; and this alone, in the absence of other evidence, and the possession, not explained showing it to be an innocent possession, would be sufficient to warrant a conviction of the crime charged."

The substance of this instruction is that the possession of goods recently burglariously stolen is of itself, if unexplained, sufficient evidence upon which to find the defendant guilty of the burglary. We think the presumption which arises from the possession of goods recently stolen is applicable to the crime of larceny, but not the crime of burglary. The most that can be said of it is that it is evidence tending to show that the defendant committed the burglary. It surely was competent evidence bearing upon the guilt of the defendant, but that it was of itself sufficient, if unexplained, to warrant a conviction appears to be without the support of authority, but directly contrary thereto. *Jones v. State*, 6 Parker, 125; Whart. Crim. Ev., Sec., 763; *Ingall v. State*, 48 Wis., 647; *Stewart v. The People*, Sup. Ct. Michigan, 3 N. W. Rep., (863); 2d Bishop's Crim. Porcedure, Sec. 747, note 3.

For the error in this instruction the judgment of the District Court must be

REVERSED.