THE STATE v. JENNINGS.

1. **Burglary with Intent to Steal:** INDICTMENT. In an indictment for burglary with intent to steal, under section 3894 of the Code, it is not necessary to allege the fact of larceny, and hence not necessary to allege the character, value and ownership of the property intended to be stolen. (Compare *State v. Newberry*, 26 Iowa, 467.)

2. ————: EVIDENCE : POSSESSION OF STOLEN GOODS. In a prosecution for burglary with intent to steal, where goods have actually been stolen from the burglarized building, possession of the stolen goods by the defendant soon after the commission of the burglary is evidence from which the jury may find the defendant guilty, but is not *prima-facie* evidence of guilt in such a case, as it is in cases of larceny. (See opinion for explanation of apparently conflicting cases.)

| 79 | 513 |
|---|---|
| 79 | 765 |
| 79 | 513 |
| 87 | 36 |
| 79 | 513 |
| 94 | 64 |
| 79 | 513 |
| 95 | 438 |
| 79 | 513 |
| 98 | 61 |
| 98 | 730 |
| 79 | 513 |
| 102 | 055 |
| 79 | 513 |
| 108 | 74 |
| 79 | 513 |
| 118 | 97 |
| 79 | 513 |
| 120 | 39 |
| 121 | 566 |
| 123 | 454 |

*Appeal from Page District Court.* — HON. A. B. THORNELL, Judge.

FILED, FEBRUARY 10, 1890.

INDICTMENT for burglary. From a judgment on conviction the defendant appeals

*Wm. P. Ferguson*, for appellant.

*John Y. Stone*, Attorney General, and *T. R. Stockton*, County Attorney, for the State.

GRANGER, J.—I. The charging part of the indictment is as follows: "That said defendants, on or about the thirty-first day of January, 1889, in said county, did, with force and violence, unlawfully, feloniously and burglariously break and enter a certain store building of one W. N. Maloney, in the town of Essex, Page county, Iowa, in which store-building goods, wares and merchandise were kept for sale, use and deposit by the said W. N. Maloney, with the felonious intent on the part of said Wm. Jennings and Edward Ray then and there to commit a public offense, to-wit, larceny, contrary to and in violation of law." It is urged that the indictment is fatally defective because it "fails to state the kind or value or ownership of the goods which were the subject of the intended larceny." The provisions of the statute, under which the indictment was found, is section 3894, and reads: "If any person, with intent to commit any public offense, * * * at any time break and enter * * * any buildings in which any goods, merchandise or valuable things are kept for use, sale or deposit, he shall be punished," etc. The offense provided in the section is not a larceny, nor is the fact of a larceny necessary to the offense charged. The offense only involves an intent to commit a larceny. The offense charged is as complete if the breaking and entering is done with such intent as if the larceny is actually committed. It is not necessary to prove the fact of the larceny to secure a conviction, and hence the character of the property intended to be stolen, its value and ownership, are not material, and need not be alleged in an indictment for burglary. This view has support in *State v. Newberry*, 26 Iowa, 467.

II. The only other question in the case is as to the sufficiency of the evidence to connect the defendant with the commission of the offense. On the night of

*Margin note: 1. BURGLARY with intent to steal: indictment.*

January 31, 1889, there were taken from the store of W. N. Maloney ten revolvers, twenty-two razors, two hundred and twenty pocket knives, and some cartridges, in all of the value of about one hundred and forty-five dollars. It is unquestioned in the case that the store was on that night burglarized, and the property stolen. We look briefly to the facts tending to connect the defendant with the offense. If defendant is a guilty party, he was evidently in the commission of the offense associated with one Ray. It appears that Ray is quite young, and Jennings larger and older. There are certain facts disclosed by the testimony which may be regarded as established. On the morning after the burglary, Ray sold to one Walker, at Bingham, a few miles from Maloney's store, a new knife. On the night of February 2, two men, answering the description of Jennings and Ray, were discovered by a brakeman at Coin, Iowa, in a freight car, purloining a ride. When asked by the brakeman to "put up something," the older gave him a new pocket knife. This occurred about midnight. Early on the morning of February 3, Jennings and Ray were seen asleep in the coal house at Stanberry, Missouri, and were seen there, off and on, during that day, which was Sunday, and they were together. Both Jennings and Ray were arrested, February 3, on a charge of robbery committed at Gentryville, Missouri, with two other parties. When arrested, Ray had on his person three new knives and a cartridge box. On the box was Maloney's cost mark and selling price, in Maloney's handwriting. Jennings' arrest was a little time after that of Ray. On his person was one knife, and near by him, and where he had been, under the sill of the coal house, were found two revolvers and seven knives. About March 2, 1889, there were also found under a straw pile at Stanberry, tied up in a piece of calico, one hundred and fifty-eight pocket knives, eighteen razors and four revolvers. These were found about forty rods from where Jennings and Ray were arrested. These articles were turned over to the officers, and both W. N. Maloney and N. L. Maloney,

his clerk examined them; and both testify that they recognize a part of the goods as those taken from the store on that night. Appellant questions the reliability of such testimony on the ground of the difficulty of such recognition, but we think it of such a character that the jury might have found the fact. There are a few strong circumstances favorable to such a conclusion. The cartridge box and the piece of calico in which the goods were found were very positively identified as having been in the store; the patterns of the goods found corresponded with those taken, and then the faded condition of the boxes containing part of the goods when found corresponded with those taken with the goods, and in which they were kept.

A particularly controverted point is that, even if the goods are identified, and so traced to the possession

2. ——: evidence: possession of stolen goods.

of the defendant as to justify a presumption of the larceny, there is nothing to justify a finding that defendant committed the burglary for which he is indicted. In this respect, appellant relies on the cases of *State v. Shaffer*, 59 Iowa, 290, and *State v. Tilton*, 63 Iowa, 117. The latter case is so different in its facts that the rule therein announced is of no aid to a conclusion in this case. The argument, however, requires that we should settle an alleged question of conflict of authority in this state. The offense charged in the case of *State v. Golden*, 49 Iowa, 48, is like that in the case at bar, and upon the question of presumption arising from the possession of recently stolen goods from a burglarized building this court approved an instruction like this: "If parties are found in possession of goods recently stolen by breaking into a store-room, and which have been stolen by breaking into a store-room, it raises a presumption that such parties have stolen the goods by breaking into a store-room. This presumption may be rebutted by the defendant's explaining such possession. The burden is on the state to prove that such goods were stolen from a store-room before such presumption exists." The instruction is somewhat peculiar in its construction;

and, while it is approved, the language of the opinion should be consulted to know the true intent of the ruling. The language there indicates that while from such facts the burglary may be inferred, it is not, as a matter of law, to be. The opinion speaks of the "value or persuasive power" of such facts being for the determination of the jury. The latter part of the first division of the opinion expresses the rule somewhat broadly; but, modified, as we think it should be, by the reasoning of the opinion, the result we have given is the one fairly deducible. In the case of *State v. Shaffer*, 59 Iowa, 290, it is held that such a possession of stolen goods is not *prima-facie* evidence of the burglary. The instruction which was the subject of the ruling was to the effect that such facts are "*prima-facie* evidence that the defendant broke and entered the building." That was held error, and, although the language of the opinion may be technically of broader significance, it should be accepted as limited by the subject to which it applies, and as announcing no other rule. In *State v. Rivers*, 68 Iowa, 611, the court instructed the jury, in substance, that the possession of goods recently stolen from a burglarized building would warrant them in finding that the defendants stole the goods by breaking and entering the buildings. This instruction was approved, and it is distinguishable from that in the *Shaffer case* in this: That it does not attach a legal effect to the fact of possession, but leaves the jury with a discretion. While the jury would be warranted in finding the fact of breaking from the fact of the possession, having in view the particular facts and surrounding of such possession, it is not required so to do. No definite presumption follows the possession, as a matter of law, and the burden is not necessarily shifted to explain the possession.

No complaint is made in this case as to the instructions given, and our examination discloses no error therein. Under the evidence in the case, we think the jury was justified in finding that the defendant broke and entered the store in question. The judgment is

AFFIRMED.