THE STATE OF IOWA, Appellee, v. FRED M. HULL, Appellant.

1. **Practice in Supreme Court**: RECORD: AMENDED ABSTRACT: MOTION TO STRIKE. Where the appellant's abstract fairly presents the record in a cause, an amended abstract filed by the appellee which is shown to be unnecessary, and which presents the evidence by question and answer at length, will on motion be stricken from the files.

2. **Arson**: INDICTMENT: DUPLICITY. Where an indictment charged that the defendant caused to be set fire to and burned a large amount of combustible material, with the intention to cause a certain described

store building to be burned, and did then and there in the manner and at the time and place aforesaid set fire to, and cause to be burned, in the night time, the said store building, *held*, that the charge as to the actual burning must be regarded as an allegation of evidence to be treated as surplusage, and that the indictment was not, therefore, bad for duplicity.

3. ———: EVIDENCE.   The premises set on fire being the property of the defendant, *held*, that certain drafts, drawn by the defendant partly before and in part after the fire, and evidencing an indebtedness that existed mostly at the time of the fire, were properly admitted on behalf of the state for the purpose of showing the defendant's financial condition at the time of the fire.

4. ———: ———.   A set of duplicate keys to the burnt building, which were missing, being found upon search in the vault of an outhouse, the state claimed that they were put there by the defendant, while the defendant claimed that they were placed there by a detective who was working against him, and who directed the search.   *Held*, that it was competent to rebut the defendant's claim by the introduction in evidence of an affidavit of the county attorney, upon which a search warrant was issued, and under which search was being made when the keys were found.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, MAY 29, 1891.

THE defendant was tried, found "guilty as charged," and sentenced to be confined in the penitentiary for a term of three years, upon an indictment charging as follows: "The said Fred M. Hull, on or about the twenty-seventh day of November, in the year of our Lord one thousand eight hundred and eighty-nine, in the county and state aforesaid, in a certain store building of I. R. Hull & Co., situate on the east twenty-two feet of the west forty-four feet of lots 1, 2 and 3, in block 15, in the town of Rock Rapids, Iowa, did wilfully, maliciously and feloniously, in the night time, cause to be set fire to, and burned, a large amount of excelsior, burlap and other combustible material to the grandjurors unknown, with the wilful, malicious and felonious intent then and there, in the

manner and at the time and place aforesaid, to cause to be burned the said store building aforesaid of I. R. Hull & Co., and did then and there, as aforesaid, in the manner and at the time and place aforesaid, wilfully, maliciously and feloniously set fire to and cause to be burned in the night time, at the time and place aforesaid, the said aforesaid store building of I. R. Hull & Co., said store building being of the value of fifteen hundred dollars." The defendant appeals from this judgment, assigning and urging in argument as errors the several matters hereinafter considered.—*Affirmed.*

*J. M. Parsons,* for appellant.

*John Y. Stone,* Attorney General, and *H. G. McMillen,* for the State.

GIVEN, J.—I. The county attorney filed an amended abstract on behalf of the appellee covering

1. PRACTICE in supreme court: record: amended abstract: motion to strike.

ninety-four pages, which he certifies, in connection with the appellant's abstract, fully presents the case. The appellant denies the correctness of the amended abstract, and moves to strike it from the files because useless, and not filed in time. We have, with considerable labor, compared the abstracts with each other, and with the transcript furnished by the appellant, and reach the conclusion that the appellant's abstract fully and fairly presents the case, and that the appellee's amendment was unnecessary. Another objection to the amended abstract, though not urged by the appellant, may be noticed by the court. It is that the so-called "amended abstract" is not in fact an abstract, but largely a transcript of the testimony by questions and answers at length. We recognize the necessity and advantage of, at times, setting out questions and answers as to some particular point that cannot be otherwise more concisely or plainly presented. While the county

attorney claims that his abstract is within this necessity, we think he has gone beyond it, and necessitated the reading of many pages of questions and answers that could have been abstracted into a few pages with equal clearness. The appellant's motion to strike the amended abstract is sustained, but in view of the denials we have referred to the transcript in the consideration of the case.

II. Following the order pursued in the arguments, we first notice the appellant's contention that, although it was unnecessary to allege the location of the store building except that it was in the county, the state, having alleged its precise location as to lot and block, was bound to prove the location as alleged, and that no proof of such location was made. We think there is evidence from which the jury might find that the building was located as alleged, and do not, therefore, determine whether it was incumbent on the state to make such proofs.

III. One ground of the appellant's motion in arrest of judgment, and for a new trial, is that the indictment is bad for duplicity, in that it charges the crime of wilfully and maliciously burning a store, as defined in section 3884, and also the crime of setting fire to material with intent to cause the store to be burned, as defined in section 3885 of the Code. It is unquestioned that the indictment must charge but one offense. Code, sec. 4300. The contention is whether the indictment, considered as a whole, does charge both these offenses. Taking that part of the charge ending with the words, " I. R. Hull & Co.," immediately preceding the words, " and did then and there," alone, and we have a complete charge of setting fire to material with intent to burn the store building described, and taking what follows alone we have a charge of wilfully and maliciously burning the store building. The whole

2. ARSON: indictment: duplicity.

charge, considered together, does not, in our opinion, charge two offenses. What is charged as to an actual burning must be regarded as an allegation of evidence, —a statement of a fact, evidencing the intent to burn previously charged,—and may be treated as surplusage. *State v. Hayden*, 45 Iowa, 11, is directly in point. In that case the charge was of breaking and entering a store building wherein valuable merchandise was kept for sale, with intent to steal said goods, and that he did steal certain articles named. The allegation that he did steal was held to be a statement of evidence, and surplusage. " The instruction of the court, the verdict of the jury, and the judgment show that the crime for which the defendant was charged and tried was not larceny, but the breaking and entering the store with intent to commit larceny." Such is the record in this case. The instructions, verdict and judgment show that the appellant was tried, without objection on his part, for the crime of setting fire to material with intent to burn the store, and not for the crime of burning it. No objection was made to being so tried, nor to the indictment, until made in the motion in arrest of judgment and for a new trial. *State v. Hayden* has been approved and followed in *State v. Shaffer*, 59 Iowa, 290; *State v. Ormiston*, 66 Iowa, 143, and *State v. Ridley*, 48 Iowa, 370. In the latter case it was held, upon a similar indictment to that in the *Case of Hayden*, that the court erred in putting the defendant on trial for larceny. In *State v. McFarland*, 49 Iowa, 99, and *State v. Kennedy*, 63 Iowa, 197, the indictments were in two counts, charging different offenses, and were, therefore, held bad for duplicity; but in this there is but one count, which, taken as a whole, charges but one offense, to-wit, setting fire to material with intent to burn the store building described.

IV. The state, for the purpose of showing the defendant's financial condition at the time of the fire,

3. ——: evidence.  offered certain drafts, drawn before and after the fire, which were admitted, over the appellant's objection. The appellant's testimony tended to show that most, if not all, of the indebtedness evidenced by these drafts existed at the time of the fire. We see no error, therefore, in admitting them in evidence.

V.   A set of duplicate keys to the burned building was missing, and upon search was found in the vault 4. ——: ——.  of an outhouse. The state claimed that the defendant put them there, and the defendant claimed that they were put there by a detective, who was working against him, and who directed the search.   To rebut the defendant's claim, the state introduced, over the defendant's objection, an affidavit of the county attorney, upon which a search-warrant was issued, and under which search was being made when the keys were found.   In view of the claims of the defendant, there was no error in admitting this affidavit for the purpose of showing why the search was being made.

V.   The only remaining contention urged by the appellant is that the testimony is not sufficient to support the verdict.   We have examined the testimony as set out in the transcript, with care, and, although it is conflicting upon many points, and open to much of the criticism made upon it, we are of the opinion that it amply supports the verdict.

Our conclusion, upon the whole record, is that the judgment of the district court should be AFFIRMED.