STATE OF IOWA V. JEFF OSBORNE, Appellant.

**Indictment:** DUPLICITY. An indictment which avers that defendants, being armed, did, with felonious intent to kill C. if he should resist, willfully assault C. and steal a gold watch from his person, does not charge robbery *and* assault to kill. Code, 3858, 3859.

**Practice:** DISCRETION. Where a witness testified that defendant was at witness' place of business on the night of a robbery and said on cross-examination that he was working for one L., it was discretionary whether he should be allowed to state what business was being conducted in L.'s place. *State v. Row*, 81 Iowa, 138, *distinguished.*

**SAME.** When rebuttal is closed, it is within the discretion of the court to refuse time in which defendant may get witnesses who live in the city, in the absence of a showing for what the witnesses are wanted.

**Practice Supreme Court.** Evidence in a criminal case cannot be first objected to, on appeal.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

WEDNESDAY, DECEMBER 11, 1895.

Indictment for robbery. Verdict of guilty, and judgment thereon. The defendant appealed.—*Affirmed.*

*A. A. Haskins* for appellant.

*Jesse A. Miller* with *Milton Remley*, attorney general, for the state.

Granger, J.—I.   The indictment is said to be bad for duplicity.   It charges that "said defendant, being then and there armed with dangerous weapons, to-wit, revolvers, with the felonious intent then and there to kill and maim one E. G. Cless, then and there, if the said E. G. Cless should resist them, the said defendants, and said defendants, then and there armed, as aforesaid, with the felonious intent aforesaid, did then and there, willfully and unlawfully, in and upon said one E. G. Cless feloniously make an assault, and the said E. G. Cless in bodily fear and danger of his life then and there feloniously did put, and one gold watch, of the value of thirty-five dollars, of the property of the said E. G. Cless, from his person and against the said E. G. Cless, then and there feloniously did rob, steal, take, and carry away."   The indictment charges the offense against three persons, of whom the defendant is one.   The charge of duplicity against the indictment is that it includes the crimes of robbery and an assault with intent to kill.

The statute under which the indictment is laid is as follows:

"Sec. 3858.   If any person with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery, and shall be punished according to the aggravation of the offense as is provided in the following two sections.

"Sec. 3859.   If such offender at the time of such robbery is armed with a dangerous weapon, with intent if resisted to kill or maim the person robbed; or if being so armed he wound or strike the person robbed; or if

he has any confederate aiding or abetting him in such robbery present and so armed, he shall be punished by imprisonment in the penitentiary for a term not exceeding twenty years nor less than ten years."

With the law defining the offense in view, it is plain to be seen that the indictment does not include two offenses. The language relied on as stating an offense of an assault with intent to kill is employed to define or fix the character of the offense charged, as by showing the manner of its commitment, and as showing the essential ingredient of force or violence or putting in fear. The language as to the dangerous weapon, and the intent to kill or maim if resisted, is to show the aggravation of the offense, under section 3859, to indicate the punishment to be imposed. It may be said to be a degree of the offense. It may be that the offense is charged with unnecessary particularity in some respects, but in that event the particulars are to be treated as surplusage. *State v. Hayden*, 45 Iowa, 11; *State v. Shaffer*, 59 Iowa, 290 (13 N. W. Rep. 306); *State v. Hull*, 83 Iowa, 112 (48 N. W. Rep. 917). Of course, it is not to be understood that language actually charging a second offense would be treated as surplusage, to preserve the validity of the indictment. But the manifest intent, in the use of language, is a controlling consideration.

II. One Dotson was a witness for the state, and testified that he knew Osborne, and that, on the night of the robbery, Osborne was at his (witness') place of business for a minute or two. On cross-examination he said, "I am working for Joe Lemher." He was then asked, "What business is conducted in that place?" The question was excluded as immaterial. The question is said to come within the rule announced in *State v. Row*, 81 Iowa, 138 (46 N. W. Rep. 872). It is there held that it is the right of a party

against whom a witness is used to know certain facts as to his history that will aid the jury to properly estimate the value of his statements, and that, guided by the discretion of the trial court, inquiries may be made into such matters as will show a disposition or likelihood to favor the party for whom he is called, and to disclose his opportunity for knowing the facts as to which he has given evidence. The ruling in this case is clearly within the discretion reserved to the trial court in that case. The limit of such cross-examination is to be determined largely by the character of the case and the conditions under which it is offered. Indeed, in this case, it is difficult to see how the question, if answered, could subserve any of the purposes stated in *State v. Row.*

III. One Sorenson, for the state, testified that, on the evening of the robbery in question, the defendant and another person met and robbed him on the streets of Des Moines. It is claimed by the state that this testimony became material, because of testimony offered by the defendant to show an *alibi.* We need not determine the question, for it appears from the abstracts that the evidence was admitted without objection. An examination of the motion for a new trial, and in arrest of judgment, together with the assignment of errors, discloses no reference to this question, and it appears to have first been raised in this court. To entitle the question to review in this court, an exception should have been preserved. Code, section 4479; *State v. Benge,* 61 Iowa, 658 (17 N. W. Rep. 100).

IV. In the eighth instruction, the court limited the effect of Sorensen's testimony to two purposes: *First,* that of the *alibi;* and *second,* the intent in taking and carrying away the property. The instruction is said to be objectionable in presenting the question of intent, it not being an element of the offense. This is

a misapprehension of the instruction. The matter of intent is not presented as being an element of the crime, as in a case where it is the gist of the offense, but in the interest of the defendant, to guard the jury against a conviction, if the taking of the property was not with a felonious intent,—that is, if the taking from the person was not stealing, within the meaning of the section defining the crime. With this apparent purpose there is nothing in the instruction of which appellant should complain. It was in his interest.

V. An important fact on the trial was the *alibi* that defendant attempted to establish. The defendant used five witnesses, besides himself, to show that he was at his father's house when the crime was committed. The state on rebuttal, used some three witnesses to show that defendant was at places on Walnut street during the evening. When the state concluded, the defendant asked for time to procure two witnesses, who were in the city, which the court refused, and directed the argument to proceed. These witnesses were Fred and Carl Hahnen. To a motion for a new trial their affidavits are attached, to the effect, that they were at the place on Walnut street, where the defendant was said to have been, from 7 to 10 o'clock, and that he was not there. It is urged that the court erred in not granting time to procure the witnesses. From the record, it appears that, when time was asked to procure the witnesses, it did not appear for what they were wanted. The record at that time simply shows: "Thereupon defendant requested sufficient time to procure the presence of Fred and Carl Hahnen as witnesses, both residing in the city, which request was refused." There was no legal requirement that the court should grant time under such a request. The evidence had been closed on rebuttal, and the court might properly refuse to grant time to procure witnesses without knowing for what they were wanted.

The ruling was within the proper exercise of discretion. The showing, afterwards, in the motion for a new trial, did not render the refusal erroneous. We have omitted to consider two or three questions as to the admission of evidence, as to which there is, clearly, no error. The judgment is *affirmed.*