STATE OF IOWA, Appellant, v. J. A. INGALLS AND WILLIAM MOODY.

**Former Jeopardy:** LARCENY AND BREAKING AND ENTERING. An acquittal of larceny is not a bar to a prosecution for breaking and entering, based on the same facts.

*Appeal from Winneshiek District Court.*—HON. L. E. FELLOWS, Judge.

THURSDAY, OCTOBER 8, 1896.

AT the October, 1895, term of the Winneshiek county district court, the grand jury returned two indictments against the defendants,—one for larceny, and the other for breaking and entering. They were tried on the first indictment, and acquitted. Thereafter they were called to answer to the second, and to this they pleaded a former acquittal by the verdict of the jury in the larceny case. At the trial upon the second indictment they were acquitted, by the direction of the court. From the ruling upon this plea of *autrefois acquit* the state appeals.—*Reversed.*

*E. P. Johnson,* county attorney, for the state.

No appearance for appellee.

DEEMER, J.—The record shows that the grand jury acted upon the same evidence in finding each indictment; that the defendants were acquitted upon the charge of larceny; and the lower court held, as a matter of law, that the acquittal of the charge of larceny was such an adjudication as to bar the prosecution of the second charge. The exact holding of the court was: "The indictment in this case being based upon

the same testimony as in No. 6,260, and there having been an acquittal in that case upon a question absolutely essential to be proven, to authorize a conviction in this case, and the adjudication in that case having been plead in this case, and the court holding such plea to be a bar to the prosecution of this case, the case is dismissed, and the defendants discharged." This ruling was evidently based upon the opinion of this court in the case of *State v. Waterman*, 87 Iowa, 255 (54 N. W. Rep. 359). We do not think the case is in point, nor is it an authority, for the position taken by the learned district judge. While the defendant in that case was twice indicted, yet each presentment was for the same offense, to-wit, that of obstructing a highway; and the evidence adduced conclusively established the fact that it was the same highway, and the same obstacle which it was claimed constituted the obsruction to the highway in each case. It was also shown that the indictments covered, in part, at least, the same periods of time. On such a state of facts, we held that an acquittal in the one case was a bar to the prosecution of the other. How different are the facts of this case! Here the two indictments do not charge the same offense, but entirely distinct and independent crimes. True, the state might have shown in the second trial that a larceny was in fact committed by the defendants, for the purpose of showing their intent in breaking and entering the building, but it was not required to do this. It could secure a conviction without proving a larceny. All that it needed to prove in this connection was that the defendants broke and entered the building with intent to commit larceny. The most infallible test by which to determine whether a former judgment is a bar or not, is to inquire whether the same evidence will support both the present and the former actions. Applying this test, it becomes too

clear for extended argument that the former acquittal was no bar. The offense in one case was against the property broken and entered; in the other it was against the owner of the goods which were said to have been stolen. In the case of *State v. Turney*, 77 Iowa, 269 (42 N. W. Rep. 190), we said of these two offenses: "These are separate offenses, and, under the law, indictments may be returned for each independent of the other." And so in the case of *State v. Ridley*, 48 Iowa, 370, in determining whether these offenses were compound or not, we said, "But in the case at bar the breaking and entering with the unlawful intent was completely consummated before the larceny was commenced. The larceny was a distinct crime, and no part of the breaking with intent to commit a public offense." See, also, *State v. McFarland*, 49 Iowa, 99. Again, in the case of *State v. Jennings*, 79 Iowa, 513 (44 N. W. Rep. 799), we said, in speaking of the sufficiency of an indictment for breaking and entering: "The offense provided in the section is not a larceny, nor is the fact of larceny necessary to the offense charged. The offense only involves an intent to commit larceny. The offense charged is as complete, if the breaking and entering is done with such intent, as if the larceny is actually committed. It is not necessary to prove the fact of larceny to secure a conviction, and hence the character of the property intended to be stolen, its value and ownership are not material, and need not be alleged in an indictment for burglary." We conclude that an acquittal of larceny is no bar to a prosecution for breaking and entering. The following cases sustain the conclusion reached: *State v. Martin*, 76 Mo. 337; *Wilson v. State*, 24 Conn. 57; *State v. Warner*, 14 Ind. 572; *Howard v. State*, 8 Tex. App. 447. The rule of law announced by the court below was incorrect, and, while we cannot affect the defendants' situation by

anything we may do, we reverse the case, in order that a correct rule of law may be established.— REVERSED.