STATE OF IOWA v. GEORGE LEONARD, Appellant.

**Burglary:** EVIDENCE.  On a prosecution for burglary the evidence is examined and held sufficient to show that defendant, with others, was engaged in the common enterprise and that he was equally guilty regardless of who may have actually committed the crime.

**Same.**  Where several parties were together when arrested for a burglary, it is competent to show that two of their number escaped and when recaptured, shortly afterward, had in their possession materials used by burglars.

**Evidence:** RE-OPENING CASE.  It is not an abuse of discretion for the court to permit the State to introduce exhibits, which have been fully identified, after argument has begun, where there is no showing of prejudice; if the defendant is thereby taken by surprise he may apply for a continuance or offer further testimony is he so requests.

**Motive in escaping jail:** INSTRUCTION In the absence of evidence bearing on the motive of an accused in escaping jail, an instruction that the fact of escape may be taken into consideration as a circumstance tending to show guilt, is sufficient on the question of motive.

**Burglary:** INCLUDED OFFENSES. Larceny is not included in the crime of burglary; and in submitting an issue of burglary refusal to submit an issue of larceny is proper.

*Appeal from Marshall District Court.*— HON. J. M. PARKER, Judge.

WEDNESDAY, JULY 3, 1907.

THE defendant was convicted of the crime of burglary, and appeals.— *Affirmed.*

*Boardman & Lawrence,* for appellant.

*H. W. Byers,* Attorney-General, and *C. W. Lyon,* Assistant Attorney-General, for the State.

LADD, J.— The Marshall Vinegar & Pickle Works was entered where not likely to be noticed, and its safe blown open, at about eleven o'clock p. m. of April 17th or 18th, 1906. The explosion was heard by F. M. Haas, a policeman, who reached the scene in time to see six or seven men running away from the building. Notwithstanding his command to halt, they kept on running, and he opened fire on them with his revolver. They fled down the middle of the street around a railroad freight house with the policeman after them. After shooting five times, his ammunition became exhausted, when he dropped into a restaurant and notified the desk sergeant of the police force, got a box of shells at the police station, and then secured a switch engine, on which he went out on the track some distance. Upon his return, he alighted at the pottery plant, and then walked in. As he crossed the Linn Creek Bridge, he heard some one on the tracks of the Iowa Central Railroad Company, and, going over there, saw

six or seven men walking along the track together. This was five or six blocks from the scene of the crime. They were assisting one of their number, who had been wounded; the defendant participating therein. The policeman commanded them to hold up their hands, when one of them remarked that he was shot. He then started them up the track, where he met two officers, when one of the men escaped in the weeds. The witness positively identified the defendant and one Rogers as among those arrested. The later had a fresh wound in the side. Lawson, who escaped in the weeds, when retaken about an hour later, had a coat on with a bullet hole at a point corresponding with the wound in Roger's side. He was found lying along the track about fifty feet from where all were apprehended with a bunch of dynamite, caps, and fuse by his side and a bottle of nitroglycerin in his pocket. A search light, two revolvers, and a bunch of skeleton keys were found near by. Another man dodged between freight cars and escaped, but was recaptured about four hours later, and had $7 or $8 in his outside coat pocket, as well as some in the pocket of his trousers. The prisoners were committed to the county jail, where all remained until May 7th, when all escaped through the window, the bars of which were sawed. The defendant and two others were recaptured at Mitchell, S. D.

Appellant contends that the evidence, as thus recited, was insufficient to sustain a conviction. We think otherwise. From this evidence it was reasonably to be inferred that the

1. BURGLARY: evidence.

group of men who ran from the scene of the crime at a late hour of night had participated therein; that Rogers was wounded by a bullet fired by Haas at that time; that these men had continued together because of Rogers' need of assistance, and all this was confirmed by finding material necessary for the commission of such an offense either on or near by Lawson, who escaped temporarily from the officer. The fact that the one having possession of the implements of crime, together with the coat with a hole in

it, and another with its fruits attempted to escape, is strong evidence of preparation for and perpetration of crime and cannot be permitted to shield those who remained, as was evidently intended. The jury might well have found from the circumstances established that these men were engaged in a common enterprise, and that all were equally guilty, regardless of who may have placed the dynamite or lighted the fuse.

What has been said disposes of the exceptions to rulings by which the State was allowed to show the temporary escape of two of the prisoners, their recapture, and finding the persons, or so near them as to indicate possession.

2. SAME.

exhibits introduced in evidence either on their session. They were all together when arrested, and, as the jury might have found, they were at the scene of the crime, and, as this was but a half or three quarters of an hour later, it was proper to show what was done with them, and what, if any, inculpatory materials were on the person or in the possession of any or all of them.

II. Though the search light, revolvers, skeleton keys, file, and money were properly identified, they had not been formally introduced in evidence when both sides rested. In beginning his opening argument to the jury,

3. EVIDENCE:
re-opening
case.

the county attorney referred to these exhibits, whereupon counsel for defendant objected, because they were not in evidence, and directed attention to the absence of the presiding judge. Thereupon the county attorney waited until his honor returned, when, after some parley, the State asked leave to introduce the exhibits in evidence. Objection thereto was overruled. This ruling was not an abuse of the court's discretion. The exhibits had been fully identified, and no evidence had been introduced on the part of defendant. If, because of their introduction, he was taken by surprise or desired to offer other evidence (both of which seems impossible), he should have so indicated, and might have been allowed to call wit-

nesses; but he did not do so, and there is no showing of the slightest prejudice from introducing the evidence out of its regular order. What has been said also demonstrates that the temporary absence of the judge was also without prejudice. See *State v. Hammer,* 116 Iowa, 284.

III. Appellant complains of the refusal of an instruction calling attention to the different motives which may actuate a person in escaping from jail. That was a matter of

4. MOTIVE IN
ESCAPING
JAIL:
instruction.

argument to the jury, and, in the absence of any evidence bearing on the motive of defendant in escaping, that given was sufficiently specific, in saying that such escape " may be taken by you and considered as a circumstance tending to show guilt," and that, apart from the motive that prompts the escape, the circumstance is not material. See *State v. Richards,* 126 Iowa, 497; *State v. Poe,* 123 Iowa, 118. This left the jury to determine with what motive the accused acted, and to give it weight accordingly. The third instruction requested was included in those given.

The second instruction requested the court to submit to the jury whether defendant was guilty of larceny. It was rightly refused, for the reason that the crime of larceny is

5. BURGLARY:
included
offenses.

not included in that of burglary. The latter is completed as soon as the premises are broken and entered with the necessary felonious intent, even though the intended felony is not committed, and cannot be. *Harvick v. State,* 49 Ark. 514 (6 S. W. 19); *State v. Beal,* 37 Ohio St. 108 (41 Am. Rep. 490); 6 Cyc. 197 *et seq.* Larceny, if committed, is distinct from the breaking and entering, and necessarily constitutes a distinct transaction. *State v. Ridley,* 48 Iowa, 370; *State v. Shaffer,* 59 Iowa, 290; 1 McClain Crim. Law, section 511.

The record is without error, and the judgment is *affirmed.*