STATE OF IOWA, Appellee, v. JAMES BURNS and JOHN WILLIAMS, Appellants.

Criminal law: BURGLARY: EVIDENCE. In this prosecution for burg-
1  lary of a bank, the evidence, wholly circumstantial but unexplained, is held sufficient to take the issue of defendants' guilt to the jury, and to support a verdict and judgment of conviction.

Evidence: REFRESHING THE RECOLLECTION OF WITNESS: DISCRETION.
2  Where a witness in testifying to the identity of bank bills was unable to recall the name of the issuing bank, permission to exam-

ine the bills of the bank for the purpose of refreshing the recollection was within the discretion of the court; the good faith of the witness in afterward testifying as of his independent recollection being for the court and jury.

Instructions: OBJECTION TO SUFFICIENCY: REVIEW. An objection that certain instructions were not sufficiently specific will not be entertained on appeal, where there was no showing that the other instructions did not contain the desired specifications.

*Appeal from Lucas District Court.*—HON. FRANK W. EICHELBERGER, Judge.

TUESDAY, FEBRUARY 18, 1913.

THE defendants were indicted by the grand jury of Lucas county for the burglary of a bank, under the provisions of section 4799a of Code Supplement. Upon a plea of not guilty, a trial was had. There was a verdict and judgment of conviction, and the defendants appeal.—*Affirmed.*

*Stuart & Stuart,* for appellants.

*George Cosson,* Attorney General, and *William Collinson,* County Attorney, for the State.

EVANS, J.—No evidence was introduced on behalf of the defendants. At the close of the plaintiff's evidence, the defendants moved for a directed verdict.

I. The principal question presented for our consideration is as to the sufficiency of evidence to sustain the verdict. On the night of November 23, 1911, a bank burglary occurred in the little town of Derby in Lucas county. The safe was destroyed by the use of explosives, and more than $4,000 of currency was taken therefrom. That the offense of burglary was committed at the time and place was proven by conclusive evidence. The defendants' counsel concede the *corpus delicti.*

1. CRIMINAL LAW: burglary: evidence.

For the purpose of connecting the defendant with the commission of such offense, the state relied wholly on circumstantial evidence. It is the sufficiency of this evidence that is called in question. The state introduced evidence tending to show that the defendants had been in the neighborhood of Derby for several days prior to the burglary; that they were strangers in the neighborhood; that they were apparently without occupation, and were supposed to be tramps; that they were poorly clad and had no means, and did more or less begging; that they were at the town of Osceola, twenty or thirty miles away, on the next day; that they camped with others upon the railroad right of way; that they were found by the city marshal asleep, on the right of way near Osceola, about three o'clock in the afternoon, and claimed to have lost their sleep the night before and to be weary, and protested at being sent out of town; that they made some purchases that day in Osceola; that they left Osceola going east, but were next found a day or two later at Omaha; that in Omaha, on the 26th or 27th, they went together to a clothing store and purchased a hat for the defendant Burns, and a complete outfit of clothing for the defendant Williams, and paid for the same in currency amounting all told to $54.55; that, of the currency so paid, two $20 bills and one $10 bill were issues of the Chariton National Bank, and were wholly new; that a package of such new bills so issued by the Chariton National Bank had been received by the bank at Derby from the Chariton National Bank just before the burglary, and was included in the money stolen at the time of the burglary; that the defendants were arrested November 29th in Omaha, and charged with such burglary; that they had over $600 in currency upon their persons. The evidence of the state, as already indicated, was wholly uncontradicted. No explanation was offered of the circumstances shown. The defendants were questioned to some extent at the time of their arrest, but they declined all explanation. We think that the evidence was sufficient to go to the jury on the question of

the defendants' guilt. The significance of the circumstances shown consisted in the inferences that could be drawn therefrom, in the light of the whole case. Under the showing of this record, such inferences were fairly within the domain of the jury. While the evidence hangs at some points by slender threads, yet, taking it in its entirety, it impresses us as persuasive. We are united in the view that the trial court properly overruled the motion for a directed verdict.

. II. Complaint of error is made in the examination of Clara Burmister. She was the cashier of the Omaha store where the purchases were made by the defendants heretofore referred to. Immediately after the purchase,

2. EVIDENCE: refreshing the recollection of witness: discretion. she was visited by a detective, who asked her to preserve a description of the bills for future use. She made a written memorandum of such description for the purpose of such preservation, but subsequently lost the same. On the witness stand, therefore, she testified only from memory. When first interrogated on the witness stand, she was wholly unable to remember the name of the bank of issue. Repeated questions were put to her with the view of aiding her recollection of the name, and this was done under the repeated objection of the defendants' counsel. Finally two bank bills were exhibited to her of the Chariton National Bank. Upon seeing these bills, she testified that her recollection was aided thereby, and the Chariton National Bank was the name of the bank of issue on the bills received from the defendants. Complaint is made that this was an improper method of aiding the recollection of a witness. We think the method was clearly within the discretion of the court. It frequently happens that persons forget names, even those which are familiar, and are temporarily unable to remember them without the aid of their suggestion from some one else. Upon such suggestion, the name "comes back" to the memory. So here the witness might, for the time being, be helpless to recollect the name of the Chariton National Bank, and yet might re-

member it clearly after it was suggested to her. From that point, she testified, not from the suggestion made to her, but from her own memory after the suggestion. Whether such lapse of memory should affect the weight of the testimony should depend largely on the apparent candor and good faith of the witness. The good faith of the witness could be judged in the first instance by the trial judge, in the exercise of his discretion, in permitting the line of examination, and finally by the jury as bearing upon the weight and value of her evidence.

Two instructions are set out in the abstract. No complaint of error is made thereon. But it is urged that they were not sufficiently specific, and that they were too general in their terms. What specifications were contained in other instructions do not appear. For aught that appears in this record, the very lack of specification complained of may have been supplied in other instructions. We may say, also, that we do not think the objection well taken in any event.

3. INSTRUCTIONS: objection to sufficiency: review.

The foregoing comprise the principal points presented to us. It is our conclusion that the evidence is sufficient. No error appears.

The judgment below is therefore *Affirmed.*