STATE OF IOWA, Appellee, v. SHELLEY COWMAN, Appellant.

No. 47064.

(Reported in 29 N. W. 2d 238)

OCTOBER 14, 1947.

REHEARING DENIED JANUARY 16, 1948.

N. D. Shinn, of Knoxville, and John E. Holmes, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Charles H. Scholz, Assistant Attorney General, and Ed. J. Kelley, County Attorney, for appellee.

HAYS, J.—Shelley Cowman was convicted by a jury in Story County, Iowa, under an indictment charging him with the crime of larceny from a building in the nighttime. The material part of said indictment is as follows:

"The said Shelley Cowman on or about the 13th day of March [1946] * * * did steal, take and carry away 238 cartons of cigarettes in excess of value of $300, the property of one Jeffrey Houge, and the said stealing, taking and carrying away * * * was committed in the nighttime and the property * * * was taken from a building known as the Imperial Oil station."

To this indictment the defendant pleaded not guilty and former acquittal. From a verdict and judgment of guilty, defendant appeals.

Appellant urges three assignments of error as a basis for reversal: (1) The judgment in Case No. 2609 operated as an acquittal in the present Case No. 2632. (2) The court erred in overruling defendant's motions for a directed verdict. (3)

The court erred in overruling defendant's motions in arrest of judgment and for a new trial.

I: Appellant's principal contention is his claim of former acquittal. At the instant trial it was stipulated by the parties, in substance, as follows: On April 8, 1946, a county attorney's information was filed, and approved by the Story County District Court, in which Shelley Cowman was accused of breaking and entering. The information contained the following:

"Shelley Cowman on or about the 12th day of March, 1946 * * * did break and enter the Imperial Oil and Gas Station * * * operated by one Jeffrey Houge * * * and did take and carry away about 260 cartons of cigarettes * * * belonging to the said Jeffrey Houge, and that said offense was committed sometime subsequent to about ten o'clock p.m. of March 12, 1946, and the early morning of March 13, 1946."

That on January 13, 1947, said Cowman went on trial on his plea of not guilty. A jury was impaneled, sworn, and trial commenced. On January 14, 1947, the county attorney, on behalf of the State, moved to dismiss the action for insufficient evidence to convict the defendant, due to the absence of a material witness. The motion was sustained, the defendant discharged, and his bond released.

It was further stipulated that the Imperial Oil and Gas Station, Jeffrey Houge, cigarettes, and dates referred to in the information are the same as referred to in the indictment in the instant case.

The protection against double jeopardy is found in the old common law and also in both the Federal Constitution and our State Constitution. This court has held that the provision of the Federal Constitution applies only to offenses against and trials under the laws of the United States. See State v. Manley, 197 Iowa 46, 196 N. W. 724.

Section 12 of Article I of the Constitution of Iowa provides: "No person shall after acquittal, be tried for *the same offence*." (Italics supplied.) An acquittal, as defined by Webster's New International Dictionary, Second Ed., is: "A setting free, or deliverance from the charge of an offense, by

verdict of a jury, sentence of a court, or other legal process."

Section 13807, Code, 1939 (777.20, Code, 1946) states: "A conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense" and in construing this statute we held in State v. Fields, 106 Iowa 406, 76 N. W. 802, that it did not exclude a conviction or acquittal without a verdict from having the same effect. See, also, State v. Callendine, 8 (Clarke) Iowa 288.

Under both section 12 of Article I of the Constitution of Iowa and section 777.20, Code, 1946, both of which refer specifically to *another prosecution for the same offense,* if the charge in the information in Case No. 2609 of *breaking and entering* is the same offense as charged in the indictment in the instant case, namely, *larceny from a building in the nighttime,* then appellant's plea of former acquittal was good and the defendant should have been discharged.

In determining the question "for the same offense," we said in the case of State v. Folger, 204 Iowa 1296, 210 N. W. 580, that an acquittal is a bar to a subsequent prosecution if proof of the subsequent allegations would have sustained a conviction under the indictment under which the acquittal was had; otherwise not. In State v. Jacobson, 197 Iowa 547, 549, 197 N. W. 638, 639, the test was announced to be:

"The rule now generally recognized is that, in order that the plea of former jeopardy may be available, it must appear that the two offenses are in substance the same, or of the same nature or same species, so that the evidence which proves the one would prove the other. If, however, an essential element of one offense is not necessarily present in the other, then there is no former jeopardy, although the same evidence may be offered to sustain the indictment in each case."

In the case of State v. Ingalls, 98 Iowa 728, 730, 68 N. W. 445, we held that an acquittal of larceny is not a bar to a prosecution for breaking and entering based upon the same facts. We there said: "The offense in one case was against the property broken and entered; in the other it was against the owner of the goods which were said to have been stolen." They are

different offenses. See, also, State v. Leonard, 135 Iowa 371, 112 N. W. 784; State v. Shaffer, 59 Iowa 290, 13 N. W. 306.

It is well established under the rules above stated, and in line with our decisions, that an acquittal of the charge of breaking and entering is not an acquittal of an offense in an indictment charging larceny from a building in the nighttime, based upon the same situation, and such a holding does not violate either section 12 of Article I of the Constitution of Iowa or section 777.20, Code, 1946.

Appellant, however, also relies upon section 785.1, Code, 1946. This section provides:

"The jury must render a general verdict of 'guilty' or 'not guilty', which imports a conviction or acquittal on every material allegation in the indictment, except upon a plea of former conviction or acquittal of the same offense, in which case it shall be 'for the state' or 'for the defendant.' "

As before stated, the rule of double jeopardy comes to us from the old common law. However, Iowa is not a common-law state and all matters of crime and criminal procedure are statutory. Protection against double jeopardy is given under the article of the Iowa Constitution and statute above cited and discussed. The section now under discussion, section 785.1, Code, 1946, is not one dealing with the question of double jeopardy but is a statement by the legislature as to the force and effect of a verdict by a jury of "guilty" or "not guilty". The former pertains only to "the same offenses"; the latter, to any verdict in any criminal case.

Appellant can gain no comfort from this section for two reasons: (1) Case No. 2609, while constituting an acquittal of the offense charged, under section 777.20, Code, 1946, and under section 12 of Article I of the Constitution of Iowa, is not a verdict of a jury, which is the only matter involved in said section. The section is not applicable here. (2) Even assuming that said section was broad enough to cover a dismissal by the court, still the only matter which would be determined by the dismissal was the material allegation in the information. This is that appellant did "break and enter". See State v. Stack,

221 Iowa 727, 266 N. W. 523; State v. Ingalls, supra, 98 Iowa 728, 68 N. W. 445; section 773.34, Code, 1946. While the information says "did take and carry away" this does not necessarily allege larceny. But even if the information goes far enough to charge larceny, and the proof showed larceny, it was material only as showing the intent of the breaking and entering. It was not a material part thereof and would not come under the provisions of section 785.1, Code, 1946. See State v. Hayden, 45 Iowa 11.

In the instant case the charge is larceny from a building in the nighttime. Giving full effect to section 785.1, Code, 1946, on the assumption that a dismissal by the court of Case No. 2609 is equivalent to a verdict by a jury (which we do not hold), still all that would be determined in that case is that appellant did not break and enter. He is not now charged with breaking and entering. True, the indictment charges larceny from a building, but as to how he entered the building is not alleged nor is it necessary to so allege.

II. Appellant further alleges as error the refusal of the court to sustain his motions for a directed verdict. This raises the question of the insufficiency of the evidence, in addition to the claim of jeopardy. The record shows defendant was in possession of cigarettes, claimed by Jeffrey Houge to have been stolen from his place of business. The sufficiency of identification of the cigarettes was clearly one for the jury.

Appellant further claims that the court erred in not instructing upon the impeachment of the State's witnesses. This may be answered by calling attention to the fact that we do not have in the printed record before us the instructions given in the case. What instructions were given does not appear. The question is not before us now. State v. Burns, 158 Iowa 440, 139 N. W. 1094; State v. Landerbeck, 96 Iowa 258, 65 N. W. 158; McDowell v. Interstate Oil Co., 212 Iowa 1314, 237 N. W. 456.

III. Appellant's third assignment of error—the refusal to sustain a motion in arrest of judgment and grant a new trial —raises no new questions and is covered in Divisions I and II above.

Finding no error, the judgment of the trial court is affirmed. —Affirmed.

OLIVER, C. J., and BLISS, HALE, GARFIELD, MANTZ, MULRONEY, and SMITH, JJ., concur.