PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CECILIO MOLINA ET AL., Defendants and Appellants.

No. 5349. Argued January 16, 1934.—Decided January 29, 1934.

*F. Fernández Cuyar* for appellants. *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The prosecuting attorney for the district of San Juan charged Cecilio Molina and Modesto Ayala with the crime of burglary in the first degree, committed as follows: "The said defendants . . . on or about August 16, 1933, in San Juan, P. R., within the judicial district of the same name, did unlawfully, wilfully, and maliciously enter, during the nighttime, the house belonging to, and owned by, Rafael Torres, with the intent then and there to commit larceny."

Upon their arraignment, the defendants pleaded not guilty and asked for a trial without a jury. The court appointed Attorney Fernández Cuyar to represent them as counsel, and with his attendance the trial was held on September 22, last.

The first witness to testify was Rafael Torres. He said that the event occurred on August 17, 1933, at Stop 22 on the Carretera Nueva, Santurce, San Juan, in the garage of his house—the garage is of concrete and wood, roofed, and locked with a padlock—where he had in storage some paint that he had bought, worth thirty dollars. The "garage is

appurtenant to the house where we live; . . . it is not ours, it is a rented house; . . . the house belongs to Doña Lola, the widow of Alcaide,'' from whom it was leased, his mother paying the rent. The witness .has a house at Stop 30 in Hato Rey. In order to paint it he had bought the paint that was stolen from him.

He went on to testify in regard to the defendants' admissions of guilt, and later, the other witnesses for the prosecution, Julio Gordón, José Flores, and Pedro R. Arroyo, testified. It appears from the record that counsel for the defense then said, ''Your Honor, we move that the defendants be freely acquitted because there is a variance between the allegations and the proof''; that he argued his motion; that when asked if he had any evidence to offer, he answered, ''We rest on our motion,'' and that the court overruled it and proceeded to render judgment against the defendants.

Feeling aggrieved by that judgment, the defendants took an appeal to this court, and have assigned as an only error the one committed, as they claim, by the district court ''in overruling the motion for nonsuit or demurrer presented by the defendants at the close of the evidence for the prosecution, and in convicting said defendants on the evidence offered by The People, which shows a fatal variance with the information filed by the district attorney.''

In order to fix well the position of the appellants, it would seem advisable to transcribe the following from their attorney's brief:

''The information in the instant case alleges clearly and expressly that the burglary in question was committed in a house 'belonging to, and owned by, Rafael Torres. (Tr. of Rec., p. 1.) Said house is described in no other way, nor is its street and number given. The only description of the house is that which says that it belongs to, and is owned by, Rafael Torres. Under this allegation the prosecuting attorney was bound to prove that the burglary charged against the defendants-appellants was committed in a house the property of Rafael Torres, and he could not, in any form or manner

whatsoever, support the information by proof that such burglary was committed in any other house whatever.

"The evidence, however, not only showed that the said house was not the property of Rafael Torres but it went further and showed that it belonged to Doña Lola, the widow of Alcaide, (Tr. of Ev., p. 7) and that it was leased to Rafael Torres' mother. But still more, and more important, The People's evidence likewise showed that Rafael Torres is the owner of a house, different from the one mentioned in the information, situated at Stop 30 in Hato Rey, and this property is recorded in the name of Mr. Torres and is *the only house belonging to, and owned by, the said person.* (Tr. of Ev., p. 7.)

"Such is the variance that served as ground for the motion for nonsuit made by the defendants-appellants in the lower court and is now relied on for this single assignment of error in the present appeal.

"We believe it unnecessary to argue extensively to the effect that in an information of burglary it is absolutely indispensable to describe in some form the place where it is alleged that the crime was committed. This proposition is elementary and is supported by reason and the jurisprudence. However, neither the statute nor the jurisprudence requires that the place be described in a certain or particular manner. What is required is that the description set forth in the information give the defendant sufficient knowledge of the facts charged against him, so that he may prepare to defend against them. In the instant case, the prosecuting attorney has described the place by its ownership; that is to say, he has alleged that the burglary was committed in *a house* the property of, and owned by, Rafael Torres. Of course it is not necessary that the description be given in precisely that form, but if it is done so, and that is the only description of the place, then a variance between the allegation and the proof in this respect is fatal and entitles the accused to an acquittal."

No exception was taken to the information on the ground of insufficiency. Nor was a greater specification requested. The case went to trial without protest and the injured party was allowed to testify, without objection, in the form that we have transcribed, in regard to the place where the crime was committed. It was at the close of the evidence that

the variance that forms the basis of the only error assigned in support of this appeal and of the reversal sought, was set up.

In support of their contention, the appellants invoke the following rule which is doubtless the correct one:

"A material variance between the allegation and the proof with respect to the ownership of the premises is fatal and entitles defendant to an acquittal, unless, as is sometimes the case, a statute makes an unprejudicial variance in this respect immaterial, and the variance is not prejudicial." 9 C. J. 1061.

Is there a variance here? It was alleged in the information that the house belonged to, and was owned by, Rafael Torres, and the evidence showed that Rafael Torres was the lessee and that his mother, who lived there with him, paid the rent.

An owner is not the same as a lessee. On that point there is no question. But in cases of this character it has been held that the ownership of a real property resides in the person occupying it on the date the crime was committed, even though he is not really its owner. See 9 C. J. 1043–1049, paragraphs 77–90.

And, as stated in one of the cases cited, that of *State v. Burns,* 155 Iowa 488, 490, the reason for the rule is that: "The purpose of the allegation of ownership in an indictment for burglary is to specify and identify the offense. Burglary is not an offense against the fee title of the realty. It is an offense against the security of its occupancy or habitancy. In an indictment for burglary, 'ownership means any possession which is rightful as against the burglar.' Under many circumstances the ownership may be laid with equal propriety in one person or in another, in the owner or in his tenant, . . ." 9 C. J. 1044.

It was specifically decided in the case of *Johnson* v. *State,* 48 Tex. Cr. 339, 341, as follows:

"It is contended that because Bryant did not own the house, but was only a tenant, that is, controlled it as renter, that the evidence was variant from the indictment, which alleged ownership in and occupancy of the house by Bryant. There is no merit in this proposition. He was in control of the house as such renter, and was special owner within contemplation of the statute. *Linhart* v. *State,* 33 Texas Crim. Rep., 504; *Reed* v. *State,* 34 Texas Crim. Rep., 597; *Willis* v. *State,* 33 Texas Crim. Rep., 168."

Nor is the fact that it was not Torres who paid the rent important. In another Texas case, *Scoville* v. *State,* 81 S. W. 717, it was held that—

"In a prosecution for burglary, testimony showing that prosecutor and his brother occupied the house burglarized and that prosecutor's brother paid the rent, showed that prosecutor and his brother were joint tenants, and supported an allegation of ownership in either."

As the error assigned by the appellant was not committed, and as the examination that we have made of the record fails to show that any other error that could be considered as essential was committed, although it may be acknowledged that the information, with respect to the venue of the offense, could and should have been drafted in a more specific and correct form, the appeal should be dismissed and the judgment affirmed.