EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CECILIO MOLINA y MODESTO AYALA, acusados y apelantes.

No. 5349.—*Sometido:* Enero 16, 1934. *Resuelto:* Enero 29, 1934.

F. *Fernández Cuyar,* abogado de los apelantes; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El Fiscal del Distrito de San Juan formuló acusación contra Cecilio Molina y Modesto Ayala imputándoles la comisión de un delito de escalamiento en primer grado, cometido como sigue: ''Los referidos acusados . . . . allá por el día 16 de agosto de 1933, y en San Juan, P. R., del Distrito Judicial del mismo nombre, ilegal, voluntaria y maliciosamente, penetraron, en horas de la noche, en la casa perteneciente a y de la propiedad de Rafael Torres, con la intención entonces y allí de cometer hurto.''

Leídales la acusación, los acusados alegaron que eran inocentes y solicitaron juicio por el Tribunal de Derecho. La corte les nombró de oficio al abogado Sr. Fernández Cuyar y con su asistencia se celebró el juicio el 22 de septiembre último.

El primer testigo que declaró fué Rafael Torres. Dijo que el hecho ocurrió el 17 de agosto de 1933 en la Carretera Nueva, Parada 22, de Santurce, San Juan, en el garage de su casa—que es de cemento y madera, con techo y se cierra con candado—donde tenía guardada una pintura que había comprado y que valía treinta dólares. El garage "pertenece a la casa en que nosotros vivimos;" ". . . no es nuestra, es una casa alquilada;" ". . . la casa es propiedad de doña Lola, viuda de Alcaide," a quien se la tiene alquilada, pagando las rentas su mamá. El testigo tiene una casa en la Parada 30, Hato Rey. Para pintarla había comprado la pintura que le fué robada.

Continuó declarando sobre admisiones de su culpabilidad por parte de los acusados y declararon luego los otros testigos del Fiscal Julio Gordón, José Flores y Pedro R. Arroyo. Entonces aparece del récord que dijo la defensa: "Nosotros, Sr. Juez, solicitamos que se absuelva libremente a los acusados porque hay una discrepancia entre la acusación y la prueba;" que argumentó su moción, que preguntado si tenía prueba que presentar contestó: "Nosotros descansamos en nuestra moción," y que la corte declaró ésta sin lugar, procediendo a dictar sentencia en contra de los acusados.

No conformes éstos, apelaron para ante este tribunal, señalando como único error el cometido a su juicio por la corte de distrito "al desestimar la moción de *nonsuit* o excepción perentoria formulada por los acusados al terminar la prueba del Pueblo, y al condenar a dichos acusados sobre la evidencia practicada por El Pueblo, la cual demuestra una discrepancia fatal, con la acusación presentada por el Fiscal del Distrito."

A fin de fijar bien la posición de los apelantes parece conveniente transcribir del alegato de su abogado lo que sigue:

"La acusación en el presente caso alega clara y expresamente que el escalamiento en controversia se perpetró en una casa 'perteneciente a y de la propiedad de Rafael Torres.' (Trans. de Autos, p. 1). No se describe dicha casa en ninguna otra forma, ni se da su dirección de calle y número. La única descripción de la casa es la que dice que pertenece a y es propiedad de Rafael Torres. Bajo esta alegación, el Fiscal estaba obligado a probar que el escalamiento imputado a los acusados-apelantes se perpetró en una casa de Rafael Torres, y no podía en forma o manera alguna sostener la acusación con prueba de que tal escalamiento se realizó en otra casa cualquiera.

"La prueba, sin embargo, no solamente demostró que la casa referida no era propiedad de Rafael Torres, sino que fué más allá y demostró que era propiedad de Doña Lola Viuda de Alcaide (Trans. de Evid. p. 7) y que estaba arrendada a la madre del Sr. Rafael Torres. Pero más aún y más importante: la prueba del Pueblo demostró asimismo que el Sr. Rafael Torres es propietario de una casa, distinta a la referida en la acusación, y situada en Hato Rey, Stop 30, estando esta propiedad inscrita a nombre del Sr. Torres, y siendo *la única casa perteneciente a y de la propiedad de dicho señor.* (Trans. de Evid. p. 7.)

"Tal es la discrepancia que sirvió de base a la moción de nonsuit de los acusados-apelantes en la corte inferior y que motiva el presente único señalamiento de error en el recurso de apelación entablado.

"Creemos innecesario argumentar extensamente al efecto de que en una acusación por escalamiento es absolutamente indispensable describir en alguna forma el sitio donde se alega haberse cometido el delito. Es elemental la proposición y está sostenida por la razón y la jurisprudencia. No requiere, sin embargo, el estatuto, ni la jurisprudencia, que se haga la descripción del sitio en cierta y determinada manera. Lo que se requiere es que la descripción formulada en la acusación dé suficiente conocimiento al acusado de los hechos que se le imputan, de modo que pueda prepararse para defenderse de ellos. En el presente caso, el Fiscal ha descrito el sitio por su propiedad y pertenencia; es decir, ha alegado que el escalamiento se cometió en *una casa* propiedad de y perteneciente a Rafael Torres. No es necesario, desde luego, que se describa en esa forma precisamente, pero si así se hace y es ésa la única descripción del sitio, entonces una discrepancia entre la alegación y la prueba en este respecto es fatal y da derecho al acusado a ser absuelto."

La acusación no fué excepcionada por insuficiente. Tampoco se solicitó una mayor especificación. Se entró a juicio sin protesta y se permitió declarar sin objeción al perjudicado en la forma que hemos extractado sobre el sitio en que se perpetró el delito. Fué al terminar la prueba que se alegó la incongruencia que sirve de base al único error señalado para sostener el recurso y pedir la revocación de la sentencia.

En apoyo de su argumento invocan los apelantes la siguiente regla que es en verdad la correcta:

"Una incongruencia substancial entre la alegación y la prueba respecto a la propiedad de la cosa es fatal y da derecho al acusado a que se le absuelva, a menos que, como ocurre a veces, por estatuto se provea que una incongruencia no perjudicial a este respecto sea insubstancial, y la incongruencia no sea en realidad perjudicial." 9 C. J. 1061.

¿Existe aquí la incongruencia? Se alegó en la acusación que la casa pertenecía y era de la propiedad de Rafael Torres y demostró la prueba que la casa la tenía alquilada Rafael Torres, pagando su señora madre, que con él la habitaba, los alquileres.

No es lo mismo ser dueño que arrendatario. Sobre eso no hay cuestión. Pero en casos de esta naturaleza se ha resuelto que puede alegarse que la pertenencia del inmueble reside en el que lo ocupa a la fecha en que se comete el delito aunque en realidad no sea su dueño. Véase 9 C. J. 1043 a 1049, secciones 77 a 90.

Y la razón de la regla consiste según se expresa en uno de los casos citados, en el de *State* v. *Burns,* 155 Iowa 488, 490, en que: "El objeto de la alegación relativa a la propiedad (*ownership*) de la casa en una acusación por escalamiento es especificar e identificar el delito. Escalamiento no es un delito contra el título de la finca. Es un delito contra la seguridad de la morada o vivienda. En una acusación por escalamiento 'propiedad significa cualquier posesión que sea válida contra el escalador.' Bajo diversas circunstancias

puede establecerse la propiedad igualmente en una persona o en otra, en el dueño o en su inquilino.'' 9 C. J. 1044.

Específicamente se resolvió en el caso de *Johnson* v. *State,* 48 Tex. Cr. Rep. 339, 341:

''Se sostiene que como Bryant no era dueño de la casa sino solamente un inquilino, es decir, tenía el dominio de ella como arrendatario, la prueba era incongruente con la acusación, en la cual se alegaba que Bryant tenía la propiedad y ocupación de la casa. No existe mérito alguno en esta proposición. Él tenía el dominio de la casa como tal inquilino y era un dueño especial dentro del espíritu del estatuto. *Linhart* v. *State,* 33 Texas Crim. Rep., 504; *Reed* v. *State,* 34 Texas Crim. Rep., 597; *Willis* v. *State,* 33 Texas Crim. Rep., 168.''

El hecho de que no fuera Torres el que pagara la renta tampoco es importante. En otro caso de Texas, *Scoville* v. *State,* 81 S. W. 717, se decidió que:

''En un proceso por escalamiento, prueba que demostraba que el perjudicado y su hermano ocupaban la casa escalada y que el hermano del perjudicado pagaba la renta, era prueba de que el perjudicado y su hermano eran inquilinos en común, siendo dicha prueba congruente con la alegación de pertenencia del inmueble en cualquiera de los dos.''

No habiéndose cometido el error que señala el apelante, ni resultando del examen que hemos hecho de los autos que se cometiera cualquiera otro que pudiera considerarse fundamental, no obstante reconocer que la acusación, con respecto al sitio en que se cometió el delito, pudo y debió redactarse en forma más específica y correcta, *procede que el recurso sea declarado sin lugar y confirmada la sentencia.*